## JOHN F. BLAKE ET AL. *v.* JOHN BLAKE, ADMINISTRATOR, ETC.

1. CHANCERY.  *Bill by administrator to clear title.   Not maintainable where legal title never in intestate.*

   An administrator, in certain circumstances, may invoke the aid of chancery to remove clouds from title and obstructions to a fair sale of his intestate's land.   But where the land never was the property of the intestate, but the intestate, purchasing and paying for it in his lifetime, procured the title to be made in the name of his infant son, the administrator of the intestate cannot maintain such a bill.

2. FRAUD OF INTESTATE.  *Cannot be alleged by his administrator.*

   An administrator will not be heard to allege the fraud of his intestate. The rule applies to transactions about realty as well as personalty, and it is immaterial whether the estate is solvent or insolvent.

3. CHANCERY. . *Bill to bring land into administration. Creditor and administrator.*

Where the intestate, during his lifetime, purchased and paid for land, and, in fraud of his creditors, procured the title to be vested in his infant son, one who holds the double character of administrator and creditor of the intestate cannot maintain a bill in equity to bring the land into administration, as assets for the payment of debts. As against the intestate and his representatives, the title of the son was perfect; and, while the title is held by the son, and those who stand in his place, subject to a trust in favor of the creditors, it can only be reached by a bill filed by a creditor, specially framed to enforce the trust.

4. SAME. *Double character of creditor and administrator. Are his rights as creditor merged?*

*Quære,* Whether, in such a case, the creditor can maintain the bill to subject the land to liability for his claim, notwithstanding he is administrator. Authorities cited.

5. CHANCERY. *Pleading. Creditor's bill.*

The complainant, in the caption of his bill, described himself as administrator and a creditor, and states, in the body of the bill, that he is a creditor of the intestate, and states the fact that the intestate purchased the land, and, in fraud of his creditors, had the title made in the name of his infant son; but the scope and structure of the bill related to subjecting the land as assets to pay debts, and the prayer was to bring the land into administration for that purpose. *Held,* that on such a bill the courts will not enforce the trust against the land in favor of the creditor, complainant.

APPEAL from the Chancery Court of Hinds County.

Hon. E. W. CABANISS, Chancellor.

The complainant, as administrator and as a creditor of the estate of Michael Blake, Sen., deceased, filed his bill in equity against the defendants.

The bill alleged that in September, 1859, the complainant became, and is now, administrator of said estate; that he is also a large creditor of the intestate, having an account probated, registered, allowed, and wholly unpaid, for $2,833.28, with six per cent per annum interest from 1st January, 1857; that there are a number of other creditors whose claims have been probated, registered, and allowed, and proved and reported under the insolvency proceedings hereinafter mentioned, amounting to about $1,800; that, in October, 1872, as administrator, he filed his petition on the probate side of the Chancery Court

of Hinds County, alleging that there was no personalty belonging to the estate, and that in 1860 proceedings were instituted in the Probate Court to have the estate declared insolvent, and the estate was adjudged to be and declared insolvent, and a decree made accordingly, and that in said petition, the premises considered, he prayed for a decree to sell the real estate of Michael Blake, Sen., specifying as real estate of which he died seised and possessed a certain lot on Capital Street, in the city of Jackson, Mississippi; that the defendants to this bill have answered said petition, and asked to have it disallowed, because, they say, the lot in question was the property of Michael Blake, Jun., under whom they all claim, alleging that they have a deed to him in their possession, which they fail to set out with their said answers; that the complainant has searched the records of the county, and no such deed is on record; that, if such a deed exists, it is a secret conveyance ma e to a minor; that this pretended deed, if there be such a deed, is a fraud upon the creditors of Michael Blake, Sen.; that the lot was, in truth and in fact, purchased by Blake, Sen., and paid for by him; that said Michael Blake, Sen., purchasing and paying for said land as aforesaid with his own money or means, conveyed or caused the same to be conveyed to the said Michael Blake, Jun., without any consideration valid in law against creditors, and with intent to hinder, delay and defraud the creditors of Michael Blake, Sen.; and that said defendants, or such of them as have any claim of title to said land or parts thereof, severally hold the same subject and liable for the payment of the debts due from the estate of Michael Blake, Sen.

The prayer of the bill was for a discovery and production of the deed; that, on final hearing, the lot be decreed to be subject and liable to be sold for the payment of the outstanding debts of the estate of said Michael Blake, Sen., and for that purpose assets of that estate; that said defendants be severally enjoined from setting up their alleged legal titles to any part of said land against the complainant as administrator, or against any purchaser at administration sale to pay such debts; that said land, or so much thereof as may be necessary, be decreed to be sold to pay said debts, and that, if necessary, proper con-

veyance be decreed; or for such other or further relief as the nature of the case may require.

The answers all alleged that the lot never was the property of Michael Blake, Sen., but was the property of Michael Blake, Jun., who held title to it by deed of conveyance from R. M. Hobson, duly acknowledged and recorded, as appears from the original deed set out with the answers as an exhibit.

The evidence is the deed from Hobson to a Michael Blake. Following the name of the grantee is an abbreviation, which the complainant insisted was *Snr.*, and the defendants insisted was *Jur.* One Phaland held a mortgage on the lot, and Michael Blake, Sen., purchased the lot from him, the contract being that Hobson was to make a deed to Michael Blake. Hobson made the deed aforesaid, and on the same day Michael Blake, Sen., executed a trust deed to Hobson as trustee for the benefit of Phaland to secure the deferred payment of the purchase-money. The exhibit of insolvency, being in form a petition to sell the other land of the estate, stated that the lot in controversy was the homestead exemption and property of Michael Blake, Sen., but it also stated that Michael Blake, Jun., had a deed thereof. A receipt by Phaland acknowledged that a small balance of the deferred payment was received from John Blake, guardian of Michael Blake, Jun. Michael Blake, Sen., claimed the lot, built on it and lived thereon until his death.

The claim of John Blake was for mesne profits, founded on a recovery in 1857 of a lot, for which he brought ejectment against Michael Blake, Sen., in 1854.

A great mass of evidence on questions not decided it is unnecessary to set out.

*Shelton & Shelton,* for the appellants.

1. John Blake, as administrator, cannot sustain this bill; the administrator cannot complain of the fraud of his intestate, whether the estate be insolvent or not. Code 1848, p. 638, § 2; Code 1857, p. 353, §§ 2, 3; Code 1871, §§ 2893, 2894; 31 Miss. 653; 26 Miss. 277; 34 Miss. 400. The Statute of Frauds, *ubi supra,* makes fraudulent conveyances binding as to the grantor, his heirs and administrators; upon which it is decided that the grantor's administrator cannot attack such

a conveyance, by setting up the fraudulent intent of the intestate. Cases above cited.

2. The fact that John Blake claims to be a creditor also, does not exempt him from the statutory rule which prohibits his attacking the donation. The statute makes no such exception, and the court will not engraft one where the statute has made none. There is no judicial reason for such an exception. The administrator, by succession, stands in the shoes of the intestate. The statute does not permit him to put them off, even where the estate is insolvent, for the advantage of other creditors. It will be much less reasonable to allow him to do it for his own advantage. This has been expressly decided in Tennessee. 3 Humph. 567. It has been sanctioned in Mississippi. 31 Miss. 660.

3. John Blake, as a creditor, can have no relief, because his claim is barred by the Statute of Limitations. Code 1848, p. 830, § 4; Code 1857, p. 43, art. 3; Code 1857, p. 402, art. 28; 28 Miss. 508; Angell on Limitations, § 307; 46 Penn. St. 15; 8 Wheat. 1; Angell on Limitations, § 485; 34 Miss. 505; 4 How. 31; 10 S. & M. 100; Code 1857, p. 401, art. 19; 37 Miss. 567; 33 Miss. 153; 28 Miss. 212; 23 Miss. 213; 28 Miss. 503; 30 Miss. 320; 27 Miss. 628; 25 Miss. 571; 28 Miss. 730; 3 How. (Miss.) 276; *Wall* v. *Kirkman*, 25 Miss. 609.

4. The Hobson deed was made to Michael Blake, Jun. The proof shows that, at the time John Blake filed his bill, he knew the deed had been made to Michael, Jun.; for, on the 21st of February, 1860, he, as guardian of Michael, Jun., paid the balance due on the lot, and not as administrator of Michael, Sen., although he was then administrator. In his petition to sell other land, filed on the 6th of August, 1860, he expressly stated the lot was the property of Michael, Jun.; and he afterwards assured Pierce Blake that his purchase under the title of Michael, Jun., would be a good title. In the sworn bill the complainant does not state the deed was one to Michael, Jun. No such issue is raised by the pleadings, no relief is sought on any such ground, and there is no such issue in the case. That desperate pretence is first broached in this court, and is a clear departure from the case made by the bill, and tried in the court below.

*D. Shelton*, senior member of the firm of Shelton & Shelton, made a very able and exhaustive oral argument, on the hearing of the case.

*T. J. & F. A. R. Wharton*, on the same side.

Referring to the able and elaborate brief of our associate counsel, and for the purpose of avoiding, as far as possible, additional comments on the various propositions therein discussed, we shall confine ourselves to the most prominent and important of the various questions arising under the record in this case.

We confidently assert that these positions are fully sustained by authority and reason : 1. That the appellee, as administrator of Michael Blake, Sen., is estopped from alleging that the deed from R. M. Hobson to Michael Blake, Jun., was procured to be made by Michael Blake, Sen., for the purpose of defrauding his creditors, and that consequently he could not maintain the bill as such administrator. 2. That he could not maintain this bill as a creditor of Michael Blake, Sen., unless, being a judgment creditor, the bill was framed with special reference to enforcing his judgment on the land as equitable assets. 3. That he could not maintain the bill as the agent or representative of others who were such judgment creditors.

In the case of *Winn* v. *Barnett*, 31 Miss. 653, 658, 660, reviewing the question whether an administrator could sustain the bill as agent of the creditors, the court says : " Upon the whole case, we are satisfied that the safe rule is, as it has been settled, to leave the remedy in the hands of such creditors as have a right to question the validity of the alleged fraudulent transfer of the property. In *Newell* v. *Newell*, 34 Miss. 401, the court say : " The deed having served the purpose of defeating the claims of creditors, the plaintiff cannot deny either its delivery or the title of the defendant."

In *Moody* v. *Fry*, 3 Humph. 567, the Supreme Court of Tennessee says that the personal representative of the deceased cannot be permitted to allege in his bill, filed to set aside a conveyance of property by the deceased, that the conveyance was made with a view to defraud creditors ; that the fact that the personal representative is a creditor makes no difference ; that his character of creditor cannot change the nature and

legal effect of his position as representative, and that, standing in the shoes of the deceased, he shall not urge that which the deceased could not. The facts in the case were briefly these : Moody, as administrator of one Jordan, filed his bill in equity, alleging that his intestate, in his last illness, made a pretended sale of sixteen negroes to the defendant, Fry, with a view to defraud some of his creditors, and prayed that the contract of sale be set aside, and the negroes delivered to the complainant to be administered, and for an account of hire. It was also charged that the complainant was himself a creditor of his intestate. A demurrer was filed to the bill, which was sustained by the Chancellor, and, on appeal, was affirmed by the Supreme Court. Referring to the complainant as a creditor of his intestate, the Supreme Court further held, that " his independent right as creditor to have sued Fry, in such a case as the bill imputes, as executor of his own wrong for the negroes in question, does not attend him in his new character of administrator ; it is merged in that character and ceases to exist."

In *Gully* v. *Hull*, 31 Miss. 29, this court said : " Where a party has made a fraudulent conveyance, and afterwards conveys to a *bona fide* purchaser, the latter may impeach the prior conveyance for fraud and set it aside. But this is quite different from the case of an administrator impeaching the deed of his intestate as fraudulent, which we have held to be incompetent by a former decision, and in *Ellis* v. *McBryde*, 27 Miss. 155."

Immediately following this case we have the opinion referred to, 31 Miss. 31, in which the court says, in speaking of whether an administrator can have a fraudulent conveyance of his intestate set aside, " We deem the safer rule to be to permit the administrator to take only such advantage of the transaction as the intestate himself could take." See also 4 Pike (Ark.), 173 ; 2 Bland, 26.

*T. J. Wharton*, senior member of the firm of T. J. & F. A. R. Wharton, also made an oral argument of great learning and power.

*Potter & Green*, for the appellee.

1. The claim of John Blake, as a creditor, is not barred. By the act of limitations then in force suits for mesne profits

should have been brought within three years next after the cause of action accrued. Hutch. Code, p. 830, § 4. A right of action for mesne profits does not accrue until after a recovery in ejectment, and possession under that judgment. *Murphy* v. *Guion*, 2 Murphy (N. C.), 238; *Avent* v. *Hord*, 3 Head, 460, 461; *Mitchell* v. *Mitchell*, 1 Md. 55; *Smith* v. *Benson*, 9 Vt. 142; *Emerson* v. *Thompson*, 2 Pick. 484; Tyler on Ejectment, 838. Within the three years after the conclusion of the ejectment suit, John Blake became administrator of Michael Blake, and the estate of the latter was declared insolvent. *Sims* v. *Sims*, 30 Miss. 341.

2. It is pretended by the appellants that the deed made by Hobson was to Michael Blake, Jun., and not, as we say and as the Chancellor decreed, to Michael Blake, Sen. The most they can claim is, that on the face of the deed it is doubtful who is the grantee; and all the facts, outside of the deed, show that it was to the young man. There can be no doubt of the right of the administrator to file this bill, and have the doubt raised by the defendants settled, in order to a fair sale of the land to pay the debts. *Norcum* v. *Lum*, 33 Miss. 299; *Williams* v. *Strattan*, 10 S. & M. 424.

3. But if the deed was made to Michael Blake, Jun., we have a purchase made by the father in the name of his son, and that father then indebted to John Blake and insolvent. If so, then the son became trustee for the benefit of the father's creditors. *Edmonson* v. *Meacham*, 50 Miss. 39; *Wilson* v. *Beauchamp*, 50 Miss. 24; *Garfield* v. *Hatmeyer*, 15 N. Y. 475; *Doyle* v. *Sleeper*, 1 Dana, 531.

4. In such a case no judgment was necessary in order to file the bill. *Brinkerhoff* v. *Brown*, 4 Johns. Ch. 675, 676; *Brown* v. *Bank of Mississippi*, 2 George, 458; *M'Dermutt* v. *Strong*, 4 Johns. Ch. 690; *Snodgrass* v. *Andrews*, 30 Miss. 490; *Prewett* v. *Land*, 36 Miss. 509; *Bay* v. *Cook*, 31 Ill. 348, 349; *Steere* v. *Hoagland*, 39 Ill. 266; *Loomis* v. *Zift*, 16 Barb. 544; *Birely* v. *Staley*, 5 Gill & Johns. 451.

5. *Moody* v. *Fry*, 3 Humph. 568, cited by the appellants, is not in point. The bill in that case was filed by the complainant as administrator, and not as creditor. The court says, "His independent right as a creditor cannot aid the bill filed as

administrator." The idea of a *merger* of his right as a creditor has no place under our statute which recognizes his right as creditor as continuing, notwithstanding his appointment as administrator.

' 6. By a recent statute, " the rules of pleading, proceeding and practice," in our Courts of Chancery, " as general courts of equity," seem to be applied to all probate matters ; and, if so, there seems to remain no reason why the creditor of a deceased party may not file his bill for payment, or for general administration, as practised in the Federal courts. Act Jan. 20, 1875 ; Acts 1875, pp. 114, 115.

*Judge Potter* also made a very able oral argument.

*J. A. Brown*, on the same side, argued the case orally, and filed a brief, making the following points : —

The bill presents two aspects ; and although for this reason it be multifarious, yet as no such objection was ever raised, this court will not notice it *sua sponte*, in view of the fact that the case has been elaborately prepared by both sides to be heard on its merits. The two aspects are : —

1. On the idea that the Hobson deed is to Michael Blake, Sen., the bill is filed by John Blake, as administrator of his estate, which has been declared insolvent, to enjoin the defendants from setting up an unconscientious defence against the probate proceedings to sell the land, and to remove a cloud from the title, so that the land may bring its fair value at the administrator's sale. In this view of the case the bill does not proceed on the idea of any fraud by the intestate, but of fraud by the defendants, in wresting the deed from its original intention, and setting it up as a conveyance to Michael Blake, Jun. *Forniquet* v. *Forstall*, 34 Miss. 87, 97, 100 ; *Norcum* v. *Lum*, 33 Miss. 299, 308, 309 ; *Williams* v. *Strattan*, 10 S. & M. 424, 425. This being a decree on the facts, some of which (as the original Hobson deed, &c.) this court has not before it, and the Chancellor having decided on all the facts, including an inspection of the original papers, this court cannot say he was clearly wrong, and so cannot disturb his decree. 7 S. & M. 197 ; 8 S. & M. 292 ; 12 S. & M. 629 ; 33 Miss. 433 ; 45 Miss. 510 ; 47 Miss. 196 ; Taney, 437 ; 7 Wall. 196.

2. On the idea that the Hobson deed is to Michael Blake, Jun.,

the bill is filed by John Blake, as a creditor of an insolvent estate, whose claim has been established, to charge the land in the hands of the defendants, and sell it for the payment of the father's debts, by decree in equity.

Where an insolvent father purchases, improves and occupies land, but has the title made in the name of his infant son, equity will subject it to the claims of the father's creditors, who were such at the time the conveyance was made. *Rucker* v. *Able*, 8 B. Mon. 568; *Kinnel* v. *M'Right*, 2 Penn. St. 38; *Edmonson* v. *Meacham*, 50 Miss. 39; *Carlisle* v. *Tindall*, 49 Miss. 235; *Garfield* v. *Hatmeyer*, 15 N. Y. 477; 24 Mo. 168; 11 Paige, 636; 19 Wend. 415; 3 Desaus. 231.

Where a creditor of a decedent is administrator of the decedent's estate, and cannot therefore get judgment and *nulla bona*, or otherwise establish his claim against *himself*, he may file a bill to subject equitable assets, without these preliminaries, especially where the equitable assets are of such a nature that his judgment would be no lien upon them, and his execution would not reach them if he had the judgment. *Russel* v. *Clark*, 7 Cranch, 89, by Marshall, C. J.; *Simpson* v. *Simpson*, 7 Humph. 277; *O'Brien* v. *Coulter*, 2 Blackf. 423; 1 Am. Lead. Cas. (5th ed. 1871), 55, 59, Hare and Wallace's notes; *Mrs. Sallie Hamilton* v. *Mississippi College*, 52 Miss. 65.

To such a case the Statute of Limitations (as the administrator cannot sue himself) has no application, especially where the estate has been declared insolvent long before the bar attached. *Stevenson* v. *Reigart*, 1 Gill, 1, 32; *Brown* v. *Stewart*, 1 Md. Ch. 374; *Sims* v. *Sims*, 30 Miss. 333, 342.

The prayer of the bill is for a sale of the land by the equity side of the court, and conveyance to the purchaser. Should the court adopt this view of the case, the decree will have to be so far modified as to direct a sale by the equity side, instead of by the probate side, as the decree now reads. The decree can be modified here, or, if necessary, the case can be remanded for decree.

CAMPBELL, J., delivered the opinion of the court.

The appellee exhibited his bill in chancery as administrator and as creditor of Michael Blake, deceased, and stated that he

had applied to the Chancery Court, in which the estate was being administered, to sell certain land described to pay debts existing against the estate, including his own; and that in answer to his said application the defendants to this bill asked to have said application to sell land refused, because they alleged that said land never did belong to the complainant's intestate, but to Michael Blake, Jun., under whom they all claim, and that they had a deed which conveyed the land to him; that he could find no trace of such deed, but if it exists, and shows title in Michael Blake, Jun., it is a fraud on the creditors of the complainant's intestate, who was insolvent, and procured such deed to be made to hinder, delay and defraud his creditors; wherefore he prays a discovery and production of said alleged deed to Michael Blake, Jun., and that said land be decreed to be subject to be sold for the payment of the outstanding debts of the estate of the complainant's intestate, and that the defendants be severally enjoined from setting up their alleged legal title to any part of said land against the complainant, as administrator, or against any purchaser at his sale as administrator to pay such debts; and that said land, or so much as necessary, be sold to pay said debts; and for general relief.

The defendants answered, denying that the complainant is a creditor of said estate, and admitting the statement of the bill as to the complainant's petition to sell the land to pay debts and their answer to said petition; and they say that the land sought to be sold never was the property of Michael Blake, Sen., but was duly conveyed by R. M. Hobson to Michael Blake, Jun., on the 21st January, 1856; and they produced said deed, and filed it with their answers, and deny that it was fraudulent, as charged in the bill, and claim that the land was the property of Michael Blake, Jun., under whom they severally claim. The answers contain much else not necessary to be stated here. Testimony was taken, and on final hearing the decree was rendered, declaring the land assets of the estate of Michael Blake, Sen., and subject to sale for his debts, and enjoining the defendants from setting up title under Michael Blake, Jun., to prevent the sale to pay the debts of Michael Blake, Sen., or from claiming against a

purchaser at administrator's sale. The case is before us on appeal from this decree. The record is exceedingly voluminous, many questions upon it have been elaborately and ably argued before us at the bar, and counsel have favored us with written arguments scarcely less voluminous than the record. Thus aided, we have carefully investigated the case, and this is our view of it.

We have reached the conclusion that the deed from Hobson is to Michael Blake, Jun., and not to the intestate of the appellee, and that the bill is not maintainable as an aid to the petition of the appellee as administrator to sell the land as the property of his intestate to pay debts in the course of administration. We affirm the right of an administrator in certain circumstances to invoke the aid of chancery to remove clouds from title and obstructions to a fair sale of his intestate's land; but as the land described in the bill was not the intestate's, the bill fails in this aspect of it.

The bill is not maintainable as an attack by the appellee as administrator of Michael Blake, Sen., on the deed vesting title of the land in Michael Blake, Jun. An administrator will not be heard to allege the fraud of his intestate. *Armstrong* v. *Stovall*, 26 Miss. 275; *Snodgrass* v. *Andrews*, 30 Miss. 472; *Gully* v. *Hull*, 31 Miss. 20; *Winn* v. *Barnett*, 31 Miss. 653; *Choteau* v. *Jones*, 11 Ill. 300, 319; *Peaslee* v. *Barney*, 1 D. Chipman, 331; *George* v. *Williamson*, 26 Mo. 190; *Dennison* v. *Ely*, 1 Barb. 610, 624; Bump on Fraudulent Conveyances, 444, and note 2. The rule applies to transactions about realty as well as personalty, and it is immaterial whether the estate is solvent or insolvent.

Whether the appellee, as a creditor of his intestate, notwithstanding he is administrator, could maintain a bill to subject the land to liability for his claim, if established, and the fraudulent character of the deed was shown, is not presented by the bill. The point has been decided by respectable courts. *Moody* v. *Fry*, 3 Humph. 567; *Coltraine* v. *Causey*, 3 Ired. Eq. 246; *Osborne* v. *Moss*, 7 Johns. 161. But we do not feel called on to decide it now. It is true, the appellee states in his bill that he is a creditor of the estate, and in the caption of his bill he describes himself as

"administrator and a creditor;" but the bill in its whole scope and structure relates exclusively to the subjecting of the land as assets of the estate, and for purposes of administration to pay the debts described; and the prayer of the bill is to bring the land into administration for that purpose. The land, not having been the property of intestate, is not subject to sale by order of court for administration. Code, § 1134. *Choteau* v. *Jones, ubi supra.* Only the land of the intestate is liable to administration. If it be true that the intestate, in fraud of his creditors, procured the title of the land to be vested in his son, it was held by the son subject to a trust in favor of creditors of the intestate, and *them alone.* As against the intestate and his representatives the title of Michael Blake, Jun., was perfect. The land could not be administered as that of the intestate, but the grantee and those in his place could be treated as holding the legal title subject to the demands of creditors, and to be reached in equity. *Carlisle* v. *Tindall,* 49 Miss. 229. Bump on Fraudulent Conveyances, 509. But this bill is to bring the land into administration as assets for the payment of debts, which cannot be done. *Coltraine* v. *Causey, ubi supra; Choteau* v. *Jones, ubi supra.*

To afford the complainant relief as a creditor, distinct from his character as administrator, if admissible at all, would require a complete remodelling of his bill and change of its structure. In view of this we have fully considered the propriety of remanding the cause for amendment of the bill, but in view of the facts of the case as developed by the record, have determined not to do so.

*The decree will be reversed and the bill dismissed.*