STONE *et al.* *v.* TOWNSEND.

(In Banc. March 24, 1941.)

[1 So. (2d) 237. No. 34448.]

548

Wm. I. McKay, of Vicksburg, and O. B. Triplett, Jr., of Forest, for appellants.

Lee & Lee, for Forest, for appellee.

**Roberds, J.,** delivered the opinion of the court.

This is an appeal from a decree of the Chancery Court of Scott County, dismissing exceptions of appellants to the final account of Townsend, administrator of C. Beavers, deceased.

The present appellants are judgment creditors of N. N. Beavers and G. C. Beavers, two of the eight adult heirs at law of C. Beavers, the intestate.

The contest involves the payment by the administrator of four claims. Three of these were for hospital and doctor's bills incurred in the last illness of decedent, and the other was for money borrowed from a bank; and all were evidenced by promissory notes executed by decedent in his lifetime, the first three shortly before his death. In attempting to probate their claims the creditors filed copies of the notes, attached to the usual affidavits, but did not file the original notes; and the clerk made no certified copies of the notes, as provided by section 1671, Code of 1930.

Appellants contend that the payments of the claims were illegal, and the administrator is liable to them for the distributive shares of their judgment debtors therein, without any credit to the administrator for such payments.

The same contest was made by the heirs and these appellants on a former appeal. See Townsend v. Beavers, 185 Miss. 312, 188 So. 1, 189 So. 90. The court then held that the heirs who had orally consented to the payment of the first three claims were thereafter estopped to object to such payments, and that they could not object to

payment of the bank's claim because it had been set out in a petition theretofore filed by the administrator to sell the lands of the estate to pay debts, there being insufficient personalty, and all heirs were parties to that petition, and none of them opposed it. But the rights of these appellants were not adjudicated, because they were not actual or necessary parties to that petition, and it was not then certain whether their judgment debtors had consented to such payments.

On rehearing of the present cause after remand, the uncontradicted proof was that all of the heirs, including the judgment debtors of appellants, with full knowledge of the dates, nature and amounts of these claims, requested the administrator to pay them.

The learned chancellor on this hearing held that appellants were not proper parties to the final account. By decree of the Chancery Court they had been permitted to join with the heirs in excepting to the final account. The liens of their recorded judgments would follow, in equity, the proceeds of the sales of lands to the extent of the interests of their judgment debtors as distributees on winding up the estate. Kolars v. Brown, 108 Minn. 60, 121 N. W. 229, 133 Am. St. Rep. 410. By decree of April 9, 1937, in a cause separate from the administration, the priorities of the judgments against N. N. Beavers had been determined; and the administrator was ordered to pay these creditors, in the order of such priorities, on winding up the estate, the net distributive share of N. N. Beavers therein. One possessing such an interest is generally a proper party. Jackson v. Coffman, 110 Tenn. 271, 75 S. W. 718; Barrett. v. Barnes, 186 N. C. 154, 119 S. E. 194; Brown v. Nevitt, 27 Miss. 801; Kolars v. Brown, supra; In re Kvetoff's Will (In re Vass), 277 N. Y. 289, 14 N. E. (2d) 73.

While section 1737, Code of 1930, prescribes who are necessary parties to the final account of an administrator, it does not preclude as proper parties those having an in-

terest in the net amount to be distributed by the administrator.

Section 368, Code of 1930, provides that rules in equity shall supplement the statutory regulations in administration proceedings, and section 352, Code of 1930, confers on the Chancery Court full jurisdiction to hear and determine all questions in relation to all demands against an estate ''by heirs at law, distributees, devisees, legatees, wards, creditors, or others.''

We think appellants were proper parties.

There was no legal connection whatever between C. Beavers and the creditors of his heirs. The administrator represents the decedent. He is primarily a trustee of decedent, for the purpose of handling his estate and paying his debts. Decedent's creditors have the first claim against the estate, and it is the paramount duty of the administrator to protect their interests. He is more the representative of the creditors than of the heirs. He is trustee for the heirs in the limited and secondary sense of making distribution after payment of debts and expenses. No privity or trusteeship exists between him and creditors of heirs. Bailey v. Dilworth, 10 Smedes & M. 404, 48 Am. Dec. 760; Walsh v. Packard, 165 Mass. 189, 42 N. E. 577, 40 L. R. A. 321, 52 Am. St. Rep. 508; Turk v. Turk, 3 Ga. 422, 46 Am. Dec. 434; State v. Beardsley, 77 Fla. 803, 82 So. 794, 795; Henderson v. Ilsley, 11 Smedes & M. 9, 49 Am. Dec. 41.

Townsend was appointed administrator September 3, 1931. The first three claims were paid April 6, 1932, out of personal property. On December 9, 1935, the administrator filed a petition setting out all unpaid claims, including the unpaid balance to the bank, praying authority to sell the lands of the estate because of insufficiency of personalty to pay the debts and expenses of administration, making all heirs defendants. On September 14, 1936, a decree was entered, authorizing the administrator to sell the lands. Several different sales were made, and reported by the administrator to the court, and by the

court confirmed. The administrator filed six annual accounts, and all of these claims were paid under direction of the court. The final account was filed July 30, 1937. The first time these judgment creditors intervened in this estate proceeding was when they excepted to the final account, and the first time any question was raised by anyone as to the manner of probating these claims was on September 13, 1938. This was long after the claims had been paid.

The intervention in this case comes too late; these intervenors must abide the rule applying to intervenors generally, and accept the record as they find it. See Griffith's Mississippi Chancery Practice, sections 410, 411, and notes thereunder. They cannot be allowed to go back and unravel that which was had and done to a completion before the date of the intervention; cannot object to payments already made—and validly made, under the controlling facts as they appeared before, and without, the intervention. It was necessary for them to intervene before, or certainly upon, or immediately at the time of, the expiration of the period for the probate of claims, or before the claims were paid.

Appellants invoke the sentiment that one should be just before generous. We agree with the sentiment, but not with its application in appellants' case. The claims were just; the heirs, and more so, their creditors, were recipients of decedent's generosity.

There is no intimation of fraud, or wrong, or bad faith, or collusion on the part of the administrator or heirs. We restrict the opinion to the case presented.

The court ordered the payment over to the judgment creditors, the appellants, of the distributive share of these two heirs at law, crediting the administrator with the payments of the probated claims made by consent and direction of these two heirs at law; and this is the full recourse of relief to which appellants are entitled under the record as made. Wherefore, the decree must be affirmed.

Affirmed.