GILLESPIE, Presiding Justice:
J. C. McBeath filed suit in chancery court against George M. Mitchell, L. B. Hilburn, administrator of the estate of Tryon B. Allen, deceased, the Deposit Guaranty National Bank as trustee of the trust created by Tryon B. Allen during his lifetime, Arthur D. Allen, III, a minor, beneficiary under said trust, and against the guardian of said minor-beneficiary. McBeath sought to recover on a note signed by Tryon B. Allen and George M. Mitchell. He also sought a decree declaring void the provisions of said trust providing that the funds in said trust could not be subjected to the debts of Tryon B. Allen. L. B. Hilburn, as administrator, answered the suit and filed a cross-bill in which he sought a decree declaring the provisions of said trust void as to creditors of the estate of Tryon B. Allen and directing the Deposit Guaranty National Bank as trustee to pay over to L. B. Hilburn as administrator an amount of money necessary to pay all probated claims against the estate, less the claim of J. C. McBeath and two other creditors who had sued the trustee directly.
The case was consolidated for the purpose of trial with two companion cases, but separate decrees were made in each case. The final decree rendered judgment in favor of J. C. McBeath against George M. Mitchell and L. B. Hilburn, jointly and severally, declared the trust void as to creditors, ordered the bank as trustee to pay to McBeath the amount of his demand, and upon the cross-bill of L. B. Hilburn, administrator, ordered the bank as trustee to pay to said administrator an amount necessary to pay all claims probated and allowed against the estate of Tryon B. Allen, deceased, less the claim of J. C. Mc-Beath and the claims of two other creditors who had sued the trustee directly.
The first six assignments of error are concerned with whether the provision of the trust that the trust funds would not be liable for the debts of Tryon B. Allen, were void as to creditors. In the companion case of Deposit Guaranty National Bank v. Walter E. Heller & Company, Miss., 204 So.2d 856 (December 11, 1967), this Court resolved against appellants all of the questions raised in the first six assignments of error.
Appellants also assign as error the action of trial court in allowing L. B. Hilburn, administrator of the estate of Tryon B. Allen, to prosecute and maintain his cross-bill resulting in that part of the decree requiring the trustee to pay over to said administrator an amount of money suffi *865 cient to pay the probated claims against said estate.
Appellants argue that Tryon B. Allen could not have attacked the conveyance to the trustee during his lifetime and that his administrator may not now do so, citing Blake v. Blake, 53 Miss. 182 (1876); Winn v. Barnett, 31 Miss. 653 (1856); and Snodgrass v. Andrews, 30 Miss. 472, 64 Am.Dec. 169 (1855). We are of the opinion that these cases are not controlling in view of subsequent developments in the statutory and case law of this state. Mississippi Code 1942 Annotated, section 1327 (1956) permitting creditors to attack fraudulent conveyances without first obtaining judgments was first enacted as Mississippi Laws 1898, chapter 64. Mississippi Code 1942 Annotated, section 524 (1956), permitting the appointment of an administrator to institute and conduct suits was first enacted as Mississippi Code of 1880, section 1992. In Stone v. Townsend, 190 Miss. 547, 553, 1 So.2d 237, 238 (1941) this Court said:
The administrator represents the decedent. He is primarily a trustee of decedent, for the purpose of handling his estate and paying his debts. Decedent’s creditors have the first claim against the estate, and it is the paramount duty of the administrator to protect their interests. He is more the representative of the creditors than of the heirs. He is trustee for the heirs in the limited and secondary sense of making distribution after payment of debts and expenses. No privity of trusteeship exists between him and creditors of heirs.
One of the main purposes of requiring the administration of estates of deceased persons is to ascertain, collect, and care for the non-exempt assets of the estate, ascertain the debts of the estate' in the manner prescribed by statute, and to pay all just debts that are duly probated and maining assets are distributed to the heirs. allowed. This must be done before the re-Since the first duty of the administrator is to protect creditors of the estate, he should take the necessary steps in that direction. To the extent that creditors were concerned, the property held in the trust involved in this case was the property of the estate of Tryon B. Allen, deceased. It devolved upon the administrator to take all necessary steps to collect into the estate a sum sufficient to pay all claims probated and allowed against the estate. We hold that the chancellor correctly permitted L. B. Hilburn, as administrator of the Estate of Tryon B. Allen, to maintain the cross-bill in order to subject the trust funds to the claim of the creditors of the estate.
Appellants next assign as error the action of the trial court in declining to allow appellants to offer evidence disputing the correctness of the probated claims against the estate of Tryon B. Allen, deceased. The probated claim file in said estate was offered by the administrator. Appellants attempted to show that some of the claims were invalid and were not just claims against said estate. The chancellor declined to consider the validity of the probated claims but stated that he was not holding that the claims were valid. We are of the opinion that the chancellor was correct. Arthur D. Allen, III was an heir and could contest any claim against the estate in the probate proceedings. Mississippi Code 1942 Annotated, section 575 (1956). Any contests of the claims should be made in the probate proceedings as provided by statute.
After careful consideration of the other assignments of error, we find no reversible error and the decree is affirmed.
Affirmed.
RODGERS, JONES, BRADY and SMITH, JJ., concur.