## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 93-CA-00414-SCT

*IN THE MATTER OF THE ESTATE OF RODNEY SANDRELL STOWERS DECEASED: DELIE MAE SHEPARD*

*v.*

*KIERRA BRACHELL JONES BY AND THROUGH HER MOTHER AND NEXT FRIEND, TELESIA L. JONES*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/22/93 |
| TRIAL JUDGE: | HON. DENISE OWENS |
| COURT FROM WHICH APPEALED: | SCOTT COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | JERRY L. BUSTIN |
| ATTORNEY FOR APPELLEE: | JESSIE L. EVANS |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS AND ESTATES |
| DISPOSITION: | REVERSED AND REMANDED - 5/30/96 |
| MOTION FOR REHEARING FILED: | 6/12/96 |
| MANDATE ISSUED: | 8/8/96 |

### BEFORE SULLIVAN, P.J., McRAE AND MILLS, JJ.

### SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:

¶1. On October 3, 1991, Rodney Stowers, a football player at Mississippi State University, died intestate from complications from injuries sustained in a football game against the University of Florida. Stowers' mother, Delie Mae Shepard, filed a complaint for appointment of administratrix. In the complaint, Shepard alleged that Rodney Stowers left "surviving him the following heirs-at-law: Delie Mae Shepard, mother; Ryan S. Shepard and Marty Elisha Shepard, brothers; and Kierra Jones and Ashley Stowers, children." On October 16, 1991 the Chancery Court of Scott County issued an order for appointment of administratrix and granting letters of administration to Delie Mae Shepard.

¶2. On December 4, 1991, Kierra, through her mother and next friend, Telesia L. Jones, filed a Petition for Determination of Heirship and Adjudication of Paternity pursuant to Miss. Code Ann. §§ 91-1-15, -27, -29 and 93-9-1 et seq. On January 15, 1992, Shepard, answered denying that Kierra was the child of the decedent. In a separate pleading filed on the same day, Shepard moved to have the decedent's body exhumed for "blood tests and/or other tests, specifically DNA testing." Shepard later amended this motion to request that the decedent's body be exhumed also for determining the cause of death. On January 27, 1992, Shepard moved to strike the language in her original complaint citing Kierra and Ashley deJanae Stowers as heirs-at-law.[1]

¶3. On March 16, 1992, Chancellor H. David Clark recused himself and Honorable Denise Sweet-Owens took up the case.

¶4. On May 12, 1992, Chancellor Owens ordered exhumation for autopsy but denied exhumation for DNA paternity testing.

¶5. After a full hearing, the Chancellor issued her order on March 23, 1993, finding by "clear and convincing evidence that Kierra Brachell Jones is the natural child of Rodney Stowers and that she is entitled to inherit from and through her father Rodney Stowers." Aggrieved by this finding Shepard appeals to this Court and assigns the following errors:

**I. IT WAS ERROR TO DENY THE ADMINISTRATRIX DNA AND/OR BLOOD TESTING TO MATCH THE MINORS WITH THE DECEDENT'S EXHUMED REMAINS TO DETERMINE LAWFUL HEIRSHIP, WHEN SUCH TESTING WAS AVAILABLE, AND WAS THE BEST EVIDENCE.**

**II. IT WAS ERROR FOR THE CHANCELLOR TO FIND THAT THE EVIDENCE WAS "CLEAR AND CONVINCING" WHEN THE CHANCELLOR'S RULING WAS BASED ON AN AFFIDAVIT OF DECEDENT DURING LIFETIME WHEN HE WAS UNAWARE OF THE PROMISCUITY OF THE MOTHER, AND WHEN DECEDENT WAS AN UNEMANCIPATED MINOR AND NOT JOINED BY PARENT OR GUARDIAN.**

**III. THE CHANCELLOR ERRED IN CONDUCTING THE TRIAL WITHOUT THE PRESENCE OF THE APPELLANT'S ATTORNEY, WHEN A PROPER MOTION FOR A CONTINUANCE HAD BEEN FILED SETTING FORTH THAT THE ATTORNEY HAD A COURT CONFLICT.**

¶6. At the outset we repeat our oft-stated rule that a Chancellor will not be overturned on appeal on a finding of fact unless manifestly erroneous. *Draper v. Draper*, 658 So. 2d 866, 868-69 (Miss. 1995).

**I. IT WAS ERROR TO DENY THE ADMINISTRATRIX DNA AND/OR BLOOD TESTING TO MATCH THE MINORS WITH THE DECEDENT'S EXHUMED REMAINS TO DETERMINE LAWFUL HEIRSHIP, WHEN SUCH TESTING WAS AVAILABLE, AND WAS THE BEST EVIDENCE.**

¶7. Shepard made many requests for blood tests and DNA testing of the alleged heirs-at-law. It was determined that blood matching could be done between the grandparents and the minors. Ashley volunteered to this testing and was verified as the child of the deceased. However, Kierra, by and through her mother Telesia L. Jones, did not submit. Shepard argues that the Chancellor's denial of DNA testing and/or blood testing upon Kierra was reversible error.

¶8. Under the operation of Miss. Code Ann. § 93-9-21 and in the holding of this Court in *Ivy v. Harrington*, 644 So. 2d 1218 (Miss. 1994) Shepard is correct. Shepard has a duty as administratrix to protect the assets of the estate. *Deposit Guaranty Nat'l Bank v. McBeath*, 204 So. 2d 863 (Miss. 1967). This duty imposes on her the concomitant duties to contest all claims against the estate that may properly and in good faith, be contested. As Administratrix she was obligated to contest paternity as the one in the shoes of the descendant. She was also "under a duty to use reasonable diligence to ascertain

potential heirs and to file the names of such heirs in the final account." ***Smith by Young v. Estate of King***, 579 So. 2d 1250, 1252 (Miss. 1991) (citing Miss. Code Ann. § 91-7-293 (1972); ***Estate of King I***, 501 So. 2d 1120, 1123 (Miss. 1987)). Mississippi Code Annotated § 93-9-21 provides in pertinent part:

> (1) The court, on its own motion or on motion of the plaintiff or the defendant, **shall** order the mother, the alleged father and the child or children to submit to blood tests and any other tests which reasonably prove or disprove the probability of paternity.

(Emphasis added). Under this section the court can act sua sponte or at the initiation of a either side to help resolve the question of paternity.

¶9. We have addressed this section of the Mississippi Code in ***Ivy v. Harrington***, 644 So. 2d 1218 (Miss. 1994). In ***Ivy*** the putative father moved the lower court for blood testing of the minor children for purposes of proving parentage. The trial court denied the motion. This Court held that it was reversible error for the Chancellor to refuse to order the blood tests. ***Ivy***, 644 So. 2d at 1221.

> The operative word of § 93-9-21 is ***"shall."*** A basic tenant of statutory construction constrains us to conclude that, unlike the discretionary nature of "may," the word "shall" is a ***mandatory*** directive. ***American Sand and Gravel Co. v. Tatum***, 620 So. 2d 557, 563 (Miss. 1993); ***Planters Trust & Bank Co. v. Sklar***, 555 So. 2d 1024, 1027 (Miss. 1990). As a consequence, in a proceeding to establish paternity, upon motion by either the plaintiff or defendant for an order requiring blood test, the trial judge must grant the motion; ***no discretion*** is afforded the trial judge. ***Cf. Deer v. State Dept. of Public Welfare***. 518 So. 2d 649, 651 (Miss. 1988).

***Ivy***, 644 So. 2d at 1221. "[T]he trial court must order blood tests if requested by any party to a paternity action."***Id.*** at 1223.

¶10. Since Shepard moved the court three times for blood testing, and the dictates of Miss. Code Ann. § 93-9-21 require that upon a motion of either the plaintiff or defendant the court **shall** order such tests, the Chancellor committed reversible error and this cause must be remanded for the necessary blood tests on Kierra Brachell Jones as required by the statute.

**II. IT WAS ERROR FOR THE CHANCELLOR TO FIND THAT THE EVIDENCE WAS "CLEAR AND CONVINCING" WHEN THE CHANCELLOR'S RULING WAS BASED ON AN AFFIDAVIT OF DECEDENT DURING LIFETIME WHEN HE WAS UNAWARE OF THE PROMISCUITY OF THE MOTHER, AND WHEN DECEDENT WAS AN UNEMANCIPATED MINOR AND NOT JOINED BY PARENT OR GUARDIAN.**

¶11. There is no merit to Shepard's second assignment of error. It is a two part assignment. Number one, that the Chancellor had no authority to consider Rodney Stowers affidavit, which he made at a time when he was unemancipated, to the Oktibbeha County Department of Human Services confessing his belief that Kierra was his child. Because Stowers was unemancipated, and his legal guardian was not present when he signed the affidavit, Shepard contends that paternity had not been "lawfully determined."

¶12. Secondly, Shepard argues that the Chancellor made this determination based solely on the evidence of the affidavit and that this does not reach the requirement of clear and convincing evidence.

¶13. We first point out that Shepard did not object to the introduction of the Stowers' affidavit at trial.

Secondly, an affidavit is nothing more than a printed declaration or statement of facts made voluntarily and confirmed by an oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation.

¶14. Finally Shepard's argument must fail in that the Chancellor found the evidence of the affidavit was the most compelling, but the findings also show that this acknowledgment was not the only evidence she considered. The Chancellor had before her testimony of other witnesses as to the relationship between Rodney Stowers and the child, which the Chancellor also considered and in the order the Chancellor held that Stowers "openly acknowledged Kierra as his daughter."

## III. THE CHANCELLOR ERRED IN CONDUCTING THE TRIAL WITHOUT THE PRESENCE OF THE APPELLANT'S ATTORNEY, WHEN A PROPER MOTION FOR A CONTINUANCE HAD BEEN FILED SETTING FORTH THAT THE ATTORNEY HAD A COURT CONFLICT.

¶15. Failing to grant a continuance when an attorney had a previous trial setting for the first day of trial and proceeding with the trial in the absence of the attorney is a serious action for a trial court to take.

¶16. In *Dew v. Langford*, 666 So. 2d 739, 746 (Miss. 1995), however this Court stated that "a trial court has the inherent right to control its trial docket and is afforded reasonable latitude regarding the setting and continuance of cases." *Id.* (citing *Watts v. Pennington*, 598 So. 2d 1308, 1312 (Miss. 1992)).

¶17. The trial proceeded without Shepard's counsel present on February 4, 1993. The Chancellor however limited the testimony to that of the witness Maple Yolanda Washington, the mother of Ashley. The Chancellor made clear that Ms. Washington would be made available for cross-examination by Shepard's counsel if he so desired. Shepard's counsel did not cross-examine her.

¶18. We note further that Shepard subsequently dropped the case against Ashley since she voluntarily consented to have her blood tested and has been determined to be the daughter of Rodney Stowers. Since the only person who testified at trial on the day Shepard's counsel was not present was Ms. Washington, who in no longer a party to this suit, no prejudice resulted. There is no merit to this assignment.

¶19. For the reasons set forth in this opinion, the Chancellor's refusal to grant the blood test causes this case to be reversed and remanded to the lower court for the correct blood genetic marker testing to be run on the child Kierra Brachell Jones.

¶20. **REVERSED AND REMANDED**.

**LEE, C.J., PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**

1. Contest was dropped as to the legitimacy of Ashley since she volunteered to testing and was verified as the child of the deceased.