A. E. BOBBITT v. GEORGE BLACKWELL and J. G. STANTON.

*Action to Recover Land—Mortgages—Sale of Land by Junior Mortgagee—Application of Surplus—Adjustment of Equities—Jurisdiction.*

1. Upon a sale of land by a junior mortgagee under the power of sale in his mortgage, any amount in excess of his debt and expenses of sale must be paid to the mortgagor, if there be no junior liens, and if he uses it to discharge prior encumbrances he is liable to the mortgagor for the same.

2. Where, in an action by a purchaser of land at a junior mortgage sale against the mortgagor, defendant pleaded that the debt had been fully paid before foreclosure, and the junior mortgagee, upon being made a party defendant, denied the answer, alleged the validity of the sale and asked for an apportionment of the proceeds; *Held*, that the court could, in such action adjust the equities between the defendants, and, on giving judgment for the plaintiff for possession of the land, render judgment in favor of the mortgagor against the mortgagee for the surplus in his hands.

CIVIL ACTION, to recover land, heard before *McIver, J.*, at Fall Term, 1895, of GRANVILLE Superior Court. The facts appear in the opinion of the court. From the judgment rendered the defendant, Stanton, appealed.

*Mr. A. J. Field,* for plaintiff.

*Messrs. Shaw & Shaw* and *N. Y. Gulley,* for J. G. Stanton (appellant).

DOUGLAS, J. : This action was originally brought by the plaintiff against the defendant, Blackwell, alone, to recover possession of land sold under a mortgage executed by said Blackwell to the defendant, J. G. Stanton, and purchased by the plaintiff. The defendant, Blackwell, alleged, in his answer, that the mortgage debt was usurious and had been fully paid to Stanton, and that the sale was therefore void. Stanton was made a defendant and filed his answer, denying the material allegations of Blackwell's answer, and alleging that his debt had not been paid; that the sale under the mortgage was in all respects regular and valid; that the land sold for $280, from which he paid the remainder of his debt ($102.71), the expenses of sale and $87.90 due on a former mortgage given by Blackwell to one A. J. Harris; that he still had in his hands a surplus of $85.39 belonging to Blackwell, which he was ready and willing to pay to "Blackwell or to any one whom the court may direct." The mortgage to Harris was a first lien on the land existing when the land was sold by Stanton. It then belonged to Harris and was not conveyed to Stanton until after the sale of the land.

All the issues were found in favor of the plaintiff. His Honor, Judge Coble, then presiding, refused to sign the judgment as asked by Stanton, but gave judgment for the plaintiffs for the possession of the land for $40 annually for the wrongful possession of the land, and for the plaintiff's cost in the action, and made an order directing that the question of the application of the money be continued to the next term of court. At the next term the matter of application of the proceeds arising from the sale came up

to be tried before Judge McIver, and, by agreement of counsel, a jury trial was waived and his Honor found the facts and rendered the following judgment: "It is adjudged that defendant, Blackwell, recover of defendant, Stanton, mortgagee in Blackwell's mortgage of April 16, 1891 (the second mortgage), the sum of $189.67 with interest on $173.29, principal, from July 27, 1896, until paid, together with costs of action accruing between Blackwell and Stanton since April Term, 1896." From this judgment the defendant, Stanton, appealed.

We see no error in the judgment. The plaintiff, Bobbitt, sued only for the possession of the land, with damages for its detention, and that he obtained. As the land was sold by Stanton under a second mortgage, subject to a prior mortgage, Bobbitt purchased only an equity of redemption; that is, the right to redeem the land by paying off the first mortgage. This right is in no way interfered with by the judgment, and, in fact, judgment had previously been rendered for the plaintiff in full accordance with his prayer.

Stanton was not compelled to pay off the first mortgage to protect himself, because he had already sold the land, subject to the first mortgage, for much more than enough to pay his debt. "A voluntary payment by a mortgagee of claims against the mortgaged property, which it was not necessary for his own protection he should pay, does not entitle him to be subrogated to the rights of the creditors whose liens he has discharged." Jones on Mortgages (5th Ed.), Sec. 878.

In *Kornegay* v. *Spicer*, 76 N. C., 96, Pearson, C. J., says: "A mortgagee, with a power of sale, is a *trustee* in the first place to secure the payment of the debt secured by the mortgage, and in the second place for the mortgagor as to the excess." In *Vick* v. *Smith*, 83 N. C., 80, it was held that the mortgagee holds the proceeds of sale as a

trustee, and, after paying his secured debt, must pay the surplus to the mortgagor, even though he may hold another unsecured debt.

In this case, Stanton, holding the surplus as trustee for Blackwell, cannot be permitted, at Blackwell's expense, to exonerate the land in favor of Bobbitt, who purchased only the equity of redemption, and who is not asking any such relief. As this equity was sold subject to the first mortgage, it presumably brought less than the value of the land by the amount of the first mortgage. The purchaser, under these circumstances, would naturally bid that much less. In fact, the land, and not the mortgagor, remained primarily liable for the debt. "The note evidencing the debt is the personal obligation of the debtor; the mortgage is a direct appropriation of property to its security and payment." *Capehart* v. *Dettrick*, 91 N. C., 344.

Where the mortgagor himself sells his equity of redemption, he is, of course, bound by the terms of his conveyance, but where it is sold by the mortgagee under a power of sale, it is, in the absence of special covenants, equivalent to a sale under execution. At such a sale the purchaser of the equity of redemption takes subject to the mortgage and the judgment debtor is neither legally nor equitably bound to pay off such prior mortgage for the benefit of the purchaser. Jones on Mortgages, *supra*, Sections 736 and 737 and cases cited therein; *Russell* v. *Allen*, 10 Paige, 279; 15 Am. & Eng. Enc. p. 835.

If there be a surplus of the purchase price of the equity of redemption after payment of the judgment and costs, this should be paid to the *judgment debtor* and not to the mortgagee. Jones, *supra*, Sec. 665.

Of course, this rule applies only to senior encumbrances, on the principle that such encumbrances are presumably included in the purchase price of the land. If there are

liens, junior to that under which the equity of redemption is sold, the surplus must be applied to such junior liens unless protected by some exemption.

The defendant, Stanton, in his brief, states that his mortgage contained covenants of warranty, but such fact does not appear anywhere in the record, even by allegation. He also claims that this is an action in ejectment, and that therefore these equities between co-defendants cannot be adjusted. A simple action of ejectment is unknown to our procedure. This is a civil action under *The Code*, and which, originally brought in the nature of an action of ejectment, is capable of determining all rights, legal as well as equitable, naturally arising from the original cause of action. It is true that the essential facts should be fully and clearly stated, and must be proved in accordance with the general rules of evidence; but this being done, the court can grant any relief, legal or equitable, that the circumstances of the case may require. For the convenience and orderly trial of actions, some limitations were necessarily made by Statute and the rulings of the courts. Section 267 of *The Code* prescribes what causes of action may be joined by the plaintiff; while Section 244 regulates counter-claims of the defendant against plaintiff. See Clark's Code, with cited cases. The rule as between co-defendants in equity, equally applicable to our Code system, is clearly stated by Chancellor Waldworth in *Elliott* v. *Pell,* 1 Paige, 253, as follows: "It is the settled law of this court that a decree between co-defendants, grounded upon the pleadings and proofs between the complainant and defendant, may be made, and it is the constant practice of this court to do so to prevent multiplicity of suits; but such decree between co-defendants, to be binding upon them, must be founded upon and connected with the subject matter in litigation between the complainant and one

or more of the defendants." Cited and approved in *Hulbert* v. *Douglas*, 94 N. C., 128.

This case comes clearly within the rule. The equity of redemption is sold under the mortgage; the purchaser brings suit for possession; the mortgagor in possession pleads payment of the mortgage debt, and consequent invalidity of sale; the mortgagee, properly made a defendant, alleges the validity of the sale and asks the court to apportion the purchase money. These matters are all connected, and arise from the sale of the land. They would clearly have been cognizable by cross bill in equity, and are equally so under our Code practice, which is essentially equitable. *Wilson* v. *Moore*, 72 N. C., 558; Clark's Code, pp. 1, 9, 10.

The only exception in the case is that taken by the defendant, Stanton, to the judgment rendered by Judge McIver. Substantial justice appears to us to have been done to the parties, and we do not think it would be just to force the defendant, Blackwell, to bring a new suit, with all its attendant cost and delay, simply to determine rights already passed upon, without objection, by a court of competent jurisdiction. It is true, we might find some authority for doing so in the celebrated English case of *In Re Bivalve*, reported in Punch. That was an action for the possession of an oyster, and after years of litigation the court decided that it was a very fine oyster, and awarded to each claimant a half shell. As we think that this matter should be settled while some part of the oyster yet remains for the rightful owner, the judgment is affirmed.

Affirmed.