T. S. MORRISON & CO. v. R. W. CHAMBERS et al.

(Decided May 11, 1898.)

*Action on Note—Vendor and Vendee—Notes—Bond for Title—Assignment.*

1. The hypothecation of notes given by the purchaser of land, for the conveyance of title to which the owner has given a bond, does not pass the legal title to the land.

2. The purchaser of a bond for title to land does not thereby become liable for the payment of the notes given for the purchase price.

CIVIL ACTION tried at July, 1887, Special Term of BUNCOMBE Superior Court before *Timberlake, J.* When the case was called for trial and after the jury had been empanelled, his Honor, on motion of the plaintiff, rendered judgment on the pleadings and defendants appealed. The facts are stated in the opinion.

*Mr. W. W. Jones,* for defendants, (appellants.)
No counsel *contra.*

DOUGLAS, J.: This is an action brought upon a

125—44

promissory note, the defendants pleading merger and counter-claim.    The defendants sold to one Fox (a co-defendant in this action but who has made no defence) a certain piece of land, giving to Fox a bond for title and taking his three notes amounting in the aggregate to the sum of $625, in full payment therefor.    Subsequently the defendant Chambers (hereinafter called the defendant) executed to the plaintiffs his promissory note in the sum of $240, to secure the payment of which he endorsed and deposited the three notes of Fox.    Some time thereafter Fox assigned to the plaintiffs his entire interest under the bond for title.    After this transfer, the plaintiffs brought this suit and asked for judgment on their note, that it be declared a lien upon the land covered by the bond for title, and that the said land be sold and the proceeds thereof applied to the payment of their debt.    The defendant resists a recovery on the ground that the purchase by the plaintiffs of Fox's interest in the bond for title not only vested in them all of Fox's rights thereunder, but also devolved upon them all his liabilities.    In other words, the plaintiffs are said to stand in Fox's shoes, and are therefore primarily liable for the payment of the three notes given by Fox to the defendant, and by him hypothecated to the plaintiffs.    Upon this theory, while the defendant would owe the note for $240 sued on, the plaintiffs would owe him the difference between that note and the $625 due on the three notes of Fox, with the corresponding difference in interest.    For this the defendant demanded judgment as on counter-claim.    Judgment was rendered for the plaintiffs and the defendant appealed.

We see no error in the judgment.    The defendant contends that where a bond for title is given to secure the conveyance of the land upon the payment of the

purchase money, the relations of vendor and vendee are similar to those of mortgagor and mortgagee. This is true, but it does not help the defendant. The legal title remained in him after the title bond was given, and still remains in him. His further contention that the *legal* title was conveyed to the plaintiffs *pro tanto* by the hypothecation of the notes for the purchase money, cannot be sustained on any authority. The assignment to the plaintiffs of the bond for title simply vested in them the right to demand a conveyance of the land upon the payment of the purchase money. To that extent they had an equitable interest in the land, but they could not be considered the beneficial owners thereof until such payment. There is no allegation that the plaintiffs expressly assumed the payment of the purchase money, and there is no legal implication to that effect. The vendee may assign his bond for title as security for another debt, just as he could execute a second mortgage if he had originally held the legal title. Because a vendee mortgages his land to the vendor to secure the purchase money, or any other debt, and subsequently executes a second mortgage to a third party, the second mortgagee cannot be held liable to the vendor. There is no privity of contract between them. It is true that the first mortgage must be satisfied before any subsequent incumbrance; but a junior mortgagee can sell subject to the prior lien; that is, he can sell the mortgagor's equity of redemption, or he can abandon his own lien. If the first mortgagee sell and the proceeds are not sufficient to pay the debt, he can obtain judgment for the surplus only against the makers or endorsers of the note. This Court has repeatedly held that, "the note evidencing the debt is the personal obligation of the debtor ; the mortgage is a direct appropriation of

property to its security and payment. *Capehart* v. *Dettrick*, 91 N. C., 344; *Bobbitt* v. *Stanton*, 120 N. C. 253, at page 256. It follows that, after the appropriation has been exhausted, the debtor alone can 'be pursued. The judgment is affirmed.

Affirmed.