## NORMAN v HALLSEY.

(Filed February 24, 1903.)

1. MORTGAGES—*Assumpsit—Judgments.*

A judgment creditor of a mortgagor can not maintain assumpsit against a mortgagee for a surplus arising from a sale under the mortgage and paid to the mortgagor.

2. MORTGAGES—*Sale—Liens—Notice—Foreclosure of Mortgages.*

A mortgagee, who sells under the mortgage, is not liable to a subsequent mortgagee or judgment creditor for the surplus, unless he has actual notice thereof.

ACTION by Fannie E. Norman against B. F. Hallsey, heard by Judge *Frederick Moore* and a jury, at Fall Term, 1902, of the Superior Court of WASHINGTON County. From a judgment for the plaintiff, the defendant appealed.

*A. O. Gaylord,* for the plaintiff.
*H. S. Ward,* for the defendant.

CONNOR, J.    L. C. Marriner and his wife, Lula, on January 9, 1893, executed to J. W. Blount a mortgage with power of sale, conveying a tract of land in Washington County, for the purpose of securing a note for $500.    Thereafter, the said Blount transferred and assigned the said note and mortgage o the defendant.

The plaintiff, on the 8th day of October, 1895, recovered judgment in the Superior Court of Washington County against the said Marriner for $975, which judgment was duly docketed in said county.    Thereafter, the said Blount died, leaving a last will and testament, appointing Whedbee Blount and Bettie Davenport executors.    Thereafter, the defendant, in the name of said executors, and pursuant to the power of sale in said mortgage, advertised the land for sale, and on the 17th day of February, 1902, sold the same for the sum of $500, and received the purchase money.    Said executors executed a deed to the purchaser.    The defendant, from the said amount, paid his note, and paid to the said Marriner the excess, to-wit, $190.50.    There was then, and still is, due on the plaintiff's judgment an amount in excess of $190.50.    The plaintiff had no notice of said sale or the payment of said sum to Marriner.    The defendant had no other notice of the plaintiff's judgment than was afforded by the docketing thereof.    Marriner's homestead was allotted to him by the Sheriff of said county on the 16th day of June, 1898, in land other than that mortgaged to Blount as aforesaid, and return thereof was duly made to the Superior Court of said county.    Marriner is insolvent.

At the conclusion of the testimony, the defendant made a motion, pursuant to the provisions of the Act of 1897, as amended by the Act of 1899, chap. 131, for judgment of nonsuit.    The Court denied the motion, and the defendant excepted.    His Honor instructed the jury that if they believed the evidence, they should answer the issue in the affirmative, and the defendant excepted.

The action was instituted before a Justice of the Peace upon the theory that the defendant was liable to the plaintiff in assumpsit, as for money had and received to her use. If the action can not be maintained upon this theory, the justice had no jurisdiction. We do not think, in any view of the testimony, the justice had jurisdiction. The defendant can not be said to have received the proceeds of the sale of the land, or any part thereof, to the use of the plaintiff. The legal title to the land was, by the mortgage, vested in the heirs at law of Blount upon the trusts declared in the mortgage. The power of sale vested in him, devolved upon his executors pursuant to the provisions of the Act of 1887, as amended by the Act of 1901, chap. 186. The assignment of the note and mortgage to the defendant did not vest either the title or the power in him. *Williams v. Teachey,* 85 N. C., 402; *Dameron v. Eskeridge,* 104 N. C., 601; *Hussey v. Hill,* 120 N. C., 312; 58 Am. St. Rep., 789; *Burris v. Brooks,* 118 N. C., 789. Therefore, it was the duty of the executors to sell the land and apply the proceeds to the trusts declared in the mortgage, first, to pay the note and all costs and expenses of sale, and, second, "to pay the surplus, if any, to the said parties of the first part, etc." Certainly in view of this express trust the executors of Blount were not liable to the plaintiff in assumpsit for any part of the proceeds of the sale of the land. The defendant having no title to, or power in respect to, the sale of the land, could have done nothing in regard thereto, except as the agent of the executors. He was liable, and it was his duty to pay the excess over and above his note to them, and the law could not imply any promise to pay to the plaintiff. Therefore, this action was not, in any aspect of the testimony, within the jurisdiction of a Justice of the Peace.

The action for money had and received can be maintained only when the money, or property which has been converted into money, is received by the defendant under such circum-

siances as in good conscience and equity makes it his duty to pay it to the plaintiff. It is because of this duty that the law implies a promise to do so. The judgment creditor has no title to an estate or interest in the land of the judgment debtor; he has a lien thereon which he may enforce either by issuing an execution or by instituting a civil action, in the nature of a bill in equity, to enforce the lien. It is conceded that this lien, under our statute, extends to the equity of redemption. "A judgment creditor has no *jus in re* or *jus ad rem* in the defendant's land, but a mere right to make a general lien effectual by following up the steps of the law." *Dail v. Freeman,* 92 N. C., 351, 356; *Baruch v. Long,* 117 N. C., 509. The lien of the plaintiff was transferred by the sale of the land to the fund in the hands of the trustee or mortgagee, or, in this case, his executors. This lien he could have effectuated by an action brought in the Superior Court, in which all parties interested in the fund or its application could and should have been brought before the Court, and their rights administered; but he can not maintain an action in assumpsit against the defendant. He has not such right or interest in the money as is necessary to entitle him to do so. The motion to dismiss presents the question whether a mortgagee selling pursuant to a power of sale and receiving an amount in excess of his debt, is required, before paying it over to the mortgagor, to examine the records to ascertain whether there be incumbrances subsequent to his mortgage, or whether he is entitled to actual notice of such incumbrances, before he is required to withhold the money and refuse to pay to the mortgagee. We are of the opinion that the mortgagee is not under any obligation to examine the records for subsequent incumbrances before paying the surplus to the mortgagor, in accordance with the terms of the mortgage or deed in trust.

The Court, in *McLean v. Bank,* 4 McLean, 430 (Circuit

Court), referring to the rights of subsequent incumbrancers, said: "Those general principles must be admitted, but they can only apply when notice was given to the first mortgagee of the subsequent liens. * * * And there is no proof of actual notice in this case. The bank, in its answer, denies notice, and constructive notice from the recording of the subsequent mortgages is insufficient. The reason of the rule is apparent. The Franklin Bank looks to the property covered by its mortgage for payment, and that being received, not knowing that there are junior mortgagees whose rights may be affected, is indifferent as to the appropriation of the surplus. A notice, then, which puts the party on his guard is essential to make him responsible, and of such importance is this notice that it must be actually given, and not by the recording of a mortgage, which determines the lien." 2 Jones on Mort. (5th Ed.), sec. 1030; 2 Bingree on Mort., sec. 1464; Freeman on Judgments, 349; Black on Judgments, 404.

For the several reasons given, the Court should have allowed the defendant's motion to dismiss. In refusing to do so there was error, and the judgment is

Reversed.