T. T. BARRETT AND WIFE, EURELIA BARRETT, v. D. C. BARNES, TRUSTEE; W. R. BARRETT, AND SCARBOROUGH BARRETT.

(Filed 3 October, 1923.)

**Actions — Mortgages — Trusts — Parties — Sales — Surplus— Judgment Creditors—Statutes—Appeal and Error.**

A trustee having a surplus in his hands after the sale of land under a conveyance to secure money loaned thereunder, who is affected with notice by docketing of judgments against the trustor, or the one who otherwise is entitled to receive it, under the provisions of C. S., sec. 614, may not pay the same to the trustor without incurring liability; and in an action brought for that purpose the judgment creditors are necessary parties, and a final judgment therein entered without them is reversible error.

APPEAL by defendant Barnes, trustee, from *Daniels, J.*, at April Term, 1923, of HERTFORD.

This is a civil action. The following facts are set forth in statement of case on appeal:

"A deed from W. R. Barrett and wife to T. T. Barrett, dated 1 January, 1919.

"A deed of trust from T. T. Barrett and wife, Eurelia Barrett, to D. C. Barnes, trustee, on the lands described in the complaint, securing the indebtedness of $5,000 of T. T. Barrett to Louisa W. and H. O. Brown, dated 1 January, 1919.

"A contract for the sale of the land described in the complaint between T. T. Barrett and his wife, Eurelia, and W. R. Barrett, dated 5 January, 1921 (marked 'Exhibit C').

"It was admitted that under the aforesaid deed of trust securing the indebtedness due to Louise W. Brown and H. O. Brown, D. C. Barnes, the trustee therein, duly and lawfully sold the lands described in the complaint 25 March, 1922, and made a conveyance thereof to Scarboro Barrett, the purchaser at such sale, and from the proceeds of said sale the trustee, after paying the costs and expenses thereof, paid the indebtedness secured by the deed of trust aforesaid in favor of Louise W. and H. O. Brown, the said deed of trust being the first deed of trust on said land, and also paid from the proceeds of said sale the indebtedness secured by a second deed of trust on said land, which second deed of trust is the one set out in the complaint and referred to in the contract of said 5 January, 1921, and after paying the said deeds of trust and expenses, costs and expenses of sale, the said trustee has a residue in his hands of $1,122.09, or thereabouts, arising from said sale.

"It was further admitted that the said trustee has and had actual notice and knowledge of the following judgments, duly docketed and indexed according to law in the Superior Court of Hertford County, in the office of the clerk thereof, against T. T. Barrett, none of which judgments have been paid, and demand for payment of which had been made on said trustee by the judgment creditors, but no action had been instituted against said trustee by any of said creditors.

"E. W. Whitley v. T. T. Barrett for $626.12, principal, duly docketed and indexed on 11 April, 1921;

"Hertford Mercantile Company v. T. T. Barrett, for $366.72, principal sum, duly docketed and indexed on 11 April, 1921;

"F. S. Royster Guano Company v. T. T. Barrett, for $738.25, principal sum, duly docketed and indexed on 11 April, 1921; and

"G. C. Picot v. T. T. Barrett, for $76.94, principal sum, duly docketed and indexed on 26 April, 1921."

The deed and deeds of trust are not fully set out, as it is not essential.

Other facts necessary for decision of the case are:

On 1 January, 1919, the defendant W. R. Barrett and his wife, Lala J. Barrett, conveyed to the plaintiff T. T. Barrett a tract of about 300 acres of land in Hertford County; the consideration was $10,000.

On 1 January, 1919, the same day the deed was made, T. T. Barrett and his wife, Eurelia Barrett, gave (1) a deed in trust on the identical land to D. C. Barnes, trustee for Louise W. Brown and H. O. Brown, for $5,000, to secure two notes, $4,000, to Louise W. Brown, and $1,000 to H. O. Brown, to be due 20 January, 1920, interest from date; (2) a deed in trust on the identical land to D. C. Barnes, trustee for W. R. Barrett, for $5,000, balance due on the purchase money to secure five notes for $1,000 each, first $1,000, payable 1 January, 1920, and $1,000 on 1 January each year for four years. The deed and deeds in trust were duly recorded in the register of deeds' office for Hertford County about the time that they were made. The deed in trust to secure the Brown notes ($5,000) being a first deed in trust on the land, and the deed in trust to secure the $5,000 notes to W. R. Barrett being a second deed in trust.

It appears from the complaint and in the answer that T. T. Barrett paid W. R. Barrett the first of the five $1,000 notes at its maturity on 1 January, 1920.

"Exhibit C," set out in the case agreed, is as follows:

NORTH CAROLINA—Hertford County.

### Consideration, $8,500.

Place is to be free of incumbrance, except the D. C. Barnes paper; W. R. Barrett is to return all T. T. Barrett notes.

Agreement: T. T. Barrett and W. R. Barrett.

W. R. Barrett is to assume D. C. Barnes paper, with no back interest; $5,000 note; $3,500 is to be paid as follows: $1,000 down in cash on delivery of deed, and an interest claim to the amount of $240 now due, making a total of $1,240, balance in one and two years; notes of equal parts ($1,130 each).

It is further agreed that T. T. Barrett is to have all the tenable land free of charge for the year 1921, between the main ditch running across the farm and the county road.

It is further agreed that a certain deed or contract made by W. R. Barrett on or about 1 January, 1919, in which it is stipulated that the said T. T. Barrett releases his right and title as an heir to the said W. R. Barrett, shall be null and void and noneffective; that the said T. T. Barrett is to share equal with all other heirs of the estate of the said W. R. Barrett.

Five rolls fence wire and two rolls barbed wire is excepted in the above deal.

(Marginal notes on paper as follows: Register of deeds—"Paper to be dated 5 January, 1921. The $240 is the cash consideration, receipt of which is acknowledged.")

"T. T. Barrett is to pay interest on D. C. Barnes paper to date."

(Acknowledged, probated and recorded.)

| | |
|---|---|
| THEO T. BARRETT. | [Seal] |
| EURELIA BARRETT. | [Seal] |
| W. R. BARRETT. | [Seal] |

Witness: J. C. TAYLOR.

This agreement was, about the time it was made, 5 January, 1921, duly recorded in the register of deeds' office for Hertford County.

T. T. Barrett alleges that on 18 January, 1921, also on 12 February, 1921, in compliance with his agreement, he had prepared a deed to the land and tendered it to W. R. Barrett, who refused to accept it and to carry out his part of the agreement. He further alleges, "I do now hereby tender to said W. R. Barrett and deposit the said deed in this court as a continued tender."

D. C. Barnes, trustee for Louise W. Brown and H. O. Brown, duly and lawfully sold the land set forth in the deed in trust on 25 March, 1922, and it was purchased by Scarborough Barrett. The before-mentioned deed, deeds in trust, and the agreement to repurchase made between W. R. Barrett and T. T. Barrett, were duly recorded in the register of deeds' office of Hertford County about the time they were made and before judgments against T. T. Barrett hereinbefore mentioned.

*R. C. Bridger and Lloyd J. Lawrence for plaintiffs.*
*Winston & Matthews and Stanley Winborne for defendants Barretts.*
*C. E. Midyette for D. C. Barnes, trustee.*

CLARKSON, J. The only exception and assignment of error is made by D. C. Barnes, trustee, and that is to the judgment set out in the record. The judgment of the court below was consented to by all the parties to the suit, except D. C. Barnes, trustee. The objection by him is to the order of the court in regard to the fund in his hands as trustee, $1,122.09, or thereabouts, arising from the sale of the land: "It is adjudged that W. R. Barrett is the owner of, and entitled to, the entire sum of money, and every part thereof, in the hands of the said trustee, arising from the sale of the land described in the complaint," etc.

From the evidence it will be seen that this fund was a surplus arising from the sale of about 300 acres of land of T. T. Barrett, sold by D. C. Barnes as trustee. There was sufficient funds to settle the notes secured

by two deeds in trust. D. C. Barnes, trustee, sold the land on 25 March, 1922. The judgments were obtained against T. T. Barrett, as will appear in the case agreed, in April, 1921, and the trustee had actual notice of the judgments, and demand has been made on him by the judgment creditors to pay these judgments.

"Upon filing a judgment roll upon a judgment affecting the title of real property, or directing, in whole or in part, the payment of money, it shall be docketed on the judgment docket of the Superior Court of the county where the judgment roll was filed, and may be docketed on the judgment docket of the Superior Court of any other county upon the filing with the clerk thereof a transcript of the original docket, and is a lien on the real property, in the county where the same is docketed, of every person against whom any such judgment is rendered, and which he has at the time of the docketing thereof in the county in which such real property is situated, or which he acquires at any time thereafter, for ten years from the date of the rendition of the judgment. But the time during which the party recovering or owning such judgment shall be, or shall have been, restrained from proceeding thereon by an order of injunction, or other order, or by the operation of any appeal, or by a statutory prohibition, does not constitute any part of the ten years aforesaid as against the defendant in such judgment, or the party obtaining such orders or making such appeal, or any other person who is not a purchaser, creditor or mortgagee in good faith." C. S., sec. 614.

"A mortgagee who sells under the mortgage is not liable to a subsequent mortgagee or judgment creditor for the surplus unless he has *actual notice thereof.*" (Italics ours.) *Norman v. Hallsey,* 132 N. C., 6.

"A sale of land under an execution on a junior judgment passes the title to the purchaser encumbered with the lien of prior docketed judgments; but where the sale is made upon execution on the senior judgment the title passes to the purchaser unencumbered; and the lien of any junior docketed judgments is transferred to the fund arising from the sale; and it is the duty of the officer making the sale to apply it to the satisfaction of the several judgments in the order of their priority, whether he has executions in his hands or not." *Gambrill v. Wilcox,* 111 N. C., 42.

*Clark, C. J.,* in *Gammon v. Johnson,* 126 N. C., 64, says: "In general, all encumbrances, whether prior or subsequent encumbrances, as well as the mortgagor, should be parties to a proceeding for foreclosure, *and judgment creditors as well as mortgagees.*" (Italics ours.) *Jones v. Williams,* 155 N. C., 179, is not in conflict under the facts in this case.

As the case goes back to the Superior Court to make the judgment creditors parties, the numerous cases cited in plaintiffs' brief will not now be considered.

For a complete determination of the rights of the litigants ,in this cause, the judgment creditors should be made parties to this suit, or voluntarily come in and make themselves parties. This must be done, to the end that their rights, if they have any, under the facts in this case, may be safeguarded and asserted and a proper application of the surplus be adjudged. *Outlaw v. Outlaw,* 184 N. C., at p. 259. The consent judgment is modified to this extent.

Modified and affirmed.