N. R. SKINNER v. C. C. COWARD, J. K. WORTHINGTON AND N. W. CLARK.

(Filed 2 October, 1929.)

1. **Negligence H 1—Subsequent judgment creditor must bring independent action to subject surplus after foreclosure to payment of debt.**

Where the plaintiff has obtained a judgment in the court of a justice of the peace, and has had it recorded in the Superior Court, his remedy to have the surplus after the foreclosure of a prior mortgage subjected to the payment of the judgment is by independent action against the parties interested in the fund, and not by motion in the original cause to make the mortgagee show cause why this should not be done.

**2. Same—Mortgagee is not fixed with notice of subsequent judgment in distributing surplus after foreclosure.**

A mortgagee who has foreclosed his mortgage on lands and has a surplus beyond the mortgage debt is not required to search the record and is not fixed with notice of an existing judgment against the mortgagor duly recorded subsequent to the registration of the mortgage, and after a time he is presumed to have distributed the surplus according to law, and actual notice by the judgment creditor of the existence of the judgment, given seven years after the foreclosure sale, will not fix the mortgagee with liability therefor.

**3. Mortgages H m—Purchaser at foreclosure sale takes title unaffected by judgment against mortgagor docketed after registration of mortgage.**

The purchasers of land at a foreclosure sale of a mortgage thereon acquire title free from the lien of a judgment docketed subsequently to the proper registration of the mortgage.

APPEAL by plaintiff from *Midyette, J.,* at August Term, 1929, of PITT. Affirmed.

The following facts were found by the judge, trial by jury having been waived: On 15 November, 1920, C. C. Coward executed and delivered to N. W. Clark a mortgage on a certain tract of land in Pitt County to secure the payment of $1,000, and on the same day the mortgage was duly registered and indexed. The plaintiff recovered a judgment against the defendant, Coward, for $150, with interest, before a justice of the peace, on 29 January, 1921, and caused the judgment to be docketed in the office of the clerk of the Superior Court on the day it was secured. On the same day, 29 January, 1921, Coward and his wife conveyed the mortgaged land to J. K. Worthington, and inserted in the deed the following clause: "There is a claim against this land for one thousand dollars to N. W. Clark, which the said J. K. Worthington hereby assumes." This deed was registered 19 September, 1921. J. K. Worthington gave Coward a note for $700 and secured it by a mortgage on the land, which was duly recorded. Worthington failed to pay Clark the debt he had assumed, and on 27 December, 1921, the mortgage was foreclosed by a public sale, when J. T. and H. A. Worthington became the purchasers of the land at the price of $1,280. Thereupon Clark, as mortgagee, and the Bank of Craven, as his assignee, made the purchasers a deed dated 10 January, 1922, and registered 4 February, 1922. On 4 May, 1927, a motion purporting to have been made in the case of N. R. Skinner *v.* C. C. Coward was filed in the clerk's office, and a notice was issued to J. K., J. T., and H. A. Worthington to show cause why the land which had been mortgaged to Clark should not be sold to satisfy the plaintiff's judgment. Answering the notice they denied that the judgment was a lien on the land sold under the mortgage and denied that

they were responsible for the judgment or under any obligation to pay it. On 8 April, 1929, an amended petition was filed and Clark was notified to appear and show cause why the judgment should not be paid from the surplus remaining after the payment of his claim, which was admitted to be the first lien. The note and mortgage held by Clark had been assigned and transferred to the Bank of Craven and were in its hands when the sale was made under the Clark mortgage. It was contended by the plaintiff and denied by the defendant that there was a surplus of $170, but as to the exact amount there is no finding. Clark entered a special appearance and moved to dismiss on the ground that the plaintiff's relief, if he was entitled to relief, was by an independent action and not by a motion in the cause; and, reserving his rights under the special appearance, denied the plaintiff's right to relief and pleaded the three and the seven-year statute of limitations. The plaintiff alleged that on the day the land was sold under the mortgage he notified Clark of his judgment and of his claim to be paid out of the surplus; but Clark denied this, and there is no finding of fact in reference to the dispute.

Upon these facts Judge Midyette held that the plaintiff had no cause of action against the Worthingtons, and that his remedy against Clark, if he had one, was by an independent action, and that as to Clark the cause was barred by the statute of limitations. The plaintiff excepted and appealed.

*S. J. Everett for plaintiff.*
*F. G. James & Son for J. K. Worthington.*
*S. O. Worthington for N. W. Clark.*

ADAMS, J. It is important to note that the plaintiff seeks relief against all the respondents by a motion made before the clerk, presumably because the judgment recovered before a justice of the peace had been entered on the judgment docket of the Superior Court. The only parties to the judgment were N. R. Skinner as plaintiff and C. C. Coward as defendant. When the plaintiff made his motion he issued a notice to J. K. Worthington, and to Worthington's two sons who had purchased the land at the foreclosure sale, to show cause why the land should not be sold to satisfy the judgment. This notice did not make them parties to the original action. Afterward he issued a notice to N. W. Clark, mortgagee, to show cause why the plaintiff's judgment against Coward should not be paid out of the excess remaining after liquidation of the mortgage debt. The question raised by the appeal is whether the plaintiff is entitled to relief against the respondents or any of them in this proceeding.

First, then, as to Clark: As Coward's mortgagee he was also a trustee for the two-fold purpose of securing payment of the mortgage debt and of accounting for the excess to the mortgagor. *Kornegay v. Spicer,* 76 N. C., 95; *Vick v. Smith,* 83 N. C., 80; *Bobbitt v. Stanton,* 120 N. C., 253. But he assigned and transferred the note and mortgage to the Bank of Craven and the bank thereby became the owner. It became also a trustee. When the sale was made under the terms of the mortgage the deed was executed by Clark and by the bank. There is no finding that the purchase money was paid to Clark. We cannot assume that payment was made to him, because after the assignment he had no pecuniary interest in the proceeds. In the absence of a finding or admission that the money was paid to him we do not perceive how he can be liable to the plaintiff for the excess. But suppose he received the money; he would not be liable to the plaintiff for nonpayment of the excess for the reason that he had neither actual nor constructive knowledge of the plaintiff's judgment. He was under no obligation as mortgagee to examine the records for subsequent encumbrances before paying the surplus to the mortgagor in accordance with the terms of the mortgage. *Norman v. Hallsey,* 132 N. C., 6; *Barrett v. Barnes,* 186 N. C., 154; Jones on Mortgages (7 ed.), sec. 1930. The notice was served on Clark more than seven years after the sale had been made and the deed had been executed to the purchasers; meantime if he received the money he is presumed to have discharged his obligation to pay the surplus to the mortgagor or to the owner of the equity of redemption. 22 C. J., 146, sec. 82. It is therefore contended that the plaintiff's claim against Clark is without merit.

As to the purchasers it is apparent that they were strangers to the plaintiff's judgment; that between him and them no contractual relation existed; and that J. K. Worthington's assumption of the mortgage debt, or his failure to pay it, did not make him liable to the plaintiff as a subsequent judgment creditor. The sale under the first mortgage conveyed title to the purchasers, leaving the plaintiff to seek relief by an appropriate method for subjecting the surplus to the payment of his claim.

But the plaintiff has not chosen the appropriate remedy; he should have sought relief, not by a motion before the clerk, but by an action brought in the Superior Court in which all who were interested in the fund could have been made parties and given an opportunity to be heard. This procedure is discussed and clearly determined and approved in *Norman v. Hallsey, supra.* It is only by an independent action that the points raised in the appellant's brief could finally be settled.

The judgment dismissing the proceeding is
Affirmed.