STAUNTON MILITARY ACADEMY, INC., v. J. S. DOCKERY, TRUSTEE, DAVID LINDSAY, JULIUS E. BROWN AND WIFE, VERA E. BROWN.

(Filed 19 September, 1956.)

**1. Mortgages § 42—**

Where the trustee in a junior deed of trust forecloses the instrument he can convey no better title than he acquired, and, nothing else appearing, title vests in the purchaser subject to any prior liens.

**2. Mortgages § 37—**

Where the trustee in a junior deed of trust forecloses the instrument, it is his duty, nothing else appearing, to pay the surplus after the discharge of the debt secured by the instrument foreclosed to satisfy junior liens, if any, and then to owners of the equity of redemption, or he may pay the surplus to the clerk of the Superior Court. G.S. 45-21.31b(4). If he elects

to make payment in discharge of the debts secured by prior deeds of trust on the property he does so at his own risk.

**3. Mortgages § 38—Complaint held to state cause of action for wrongful application of surplus after foreclosure.**

> The complaint alleged that the trustee in a junior deed of trust foreclosed the instrument, and notwithstanding notice of plaintiff's claim of lien as a subsequent judgment creditor of the trustor, failed to discharge the judgment lien, and, by inference at least, paid the surplus to the *cestui que trust* in prior encumbrances. *Held:* The complaint states a cause of action in favor of the judgment creditor against the trustee, the *cestui* in the prior encumbrances and the trustor, the liability of the *cestui* being predicated on the ground that he received and had money belonging to the judgment creditor. Nor is the complaint demurrable for misjoinder of parties and causes of action.

. JOHNSON, J., not sitting.

APPEAL by plaintiff from *Pless, Resident Judge,* in Chambers, Marion, N. C., 25 May, 1956, McDOWELL.

Plaintiff's appeal is from adverse rulings on separate demurrers to complaint filed by defendants J. S. Dockery, Trustee, and David Lindsay.

Plaintiff's allegations may be summarized as follows:

1. Defendants Brown, owners in fee simple of a described tract of land in McDowell County, executed five deeds of trust, all duly recorded in the McDowell County Registry, which, in order of priority, were as follows: (a) deed of trust to A. P. Brinkley and Mary C. O'Donnel, Trustees, securing an indebtedness of $12,000.00 to Home Federal Savings & Loan Association of Johnson City, Tennessee, on a portion of said tract; (b) deed of trust to J. S. Dockery, Trustee, securing an indebtedness of $15,000.00 to defendant David Lindsay, on all of said tract; (c) deed of trust to J. S. Dockery, Trustee, securing an indebtedness of $5,000.00 to defendant David Lindsay, on all of said tract; (d) deed of trust to J. S. Dockery, Trustee, securing an indebtedness of $8,000.00 to defendant David Lindsay, on all of said tract; and (e) deed of trust to J. S. Dockery, Trustee, securing an indebtedness of $3,000.00 to David Lindsay, on all of said tract and in addition thereto on "all and singular the furniture, fixtures and equipment located in the Tourist Court and other buildings on the said land, and all additions and replacements of said personal property" so long as any sum was due under said deed of trust.

2. On 13 July, 1954, subsequent to the registration of said deeds of trust, plaintiff, in a duly constituted civil action, obtained a judgment in the Superior Court of McDowell County against defendants Brown for $1,670.00 plus interest and costs; and the Sheriff of McDowell

County, under execution issued 8 December, 1955, to enforce collection of said judgment, levied 10 December, 1955, on all real and personal property described in and conveyed by the deed of trust described in 1(e) above, the said judgment and levy constituting a lien on all of said tract of land and said personal property, subject only to the prior liens of said five deeds of trust.

3. On account of default in the payment of the indebtedness secured by the deed of trust described in 1(e) above, which was subject and subordinate to the said four prior deeds of trust, defendant J. S. Dockery, Trustee, exercising the power of sale vested in him by its terms, advertised that a foreclosure sale "of said property" would be held 2 December, 1955, "subject to the four deeds of trust," being the prior deeds of trust described in 1(a), 1(b), 1(c) and 1(d) above; and in offering "said land" for sale at public auction pursuant to such foreclosure advertisement defendant J. S. Dockery, Trustee, announced at the public auction sale that "said land was being sold subject to the liens of said four prior deeds of trust," whereupon R. N. Freeman became the last and highest bidder at $45,500.00.

4. Plaintiff notified defendant J. S. Dockery, Trustee, on 8 December, 1955, and again on 10 December, 1955, of its claim and lien; but defendant J. S. Dockery, Trustee, while acknowledging the receipt of such notice, refused to recognize that plaintiff had a valid claim and lien in respect of the surplus arising from the said foreclosure.

5. Freeman's bid became final. The foreclosure sale was completed in January, 1956, when defendant J. S. Dockery, Trustee, executed and delivered deed to the purchaser and filed his final report of receipts and disbursements.

6. Notwithstanding full and actual notice of plaintiff's said claim and lien, defendant J. S. Dockery, Trustee, disbursed the $45,500.00, received by him as purchase price, as follows: After payment of the costs and expenses of foreclosure and taxes, he applied the entire balance of $44,252.93 to the discharge of the five outstanding deeds of trust, to wit, the deed of trust foreclosed and the four prior (unforeclosed) deeds of trust.

Plaintiff prayed (1) that its judgment be adjudged a lien, subject only to said five deeds of trust, on the real and personal property described in the deed of trust foreclosed, and (2) that it recover the amount due on said judgment from J. S. Dockery, individually and as trustee, and David Lindsay, and against them both, jointly and severally, together with costs.

Each defendant demurred for that (1) the complaint failed to state facts sufficient to constitute a cause of action against the demurrant, and (2) there was a misjoinder of parties and of causes of action.

After the hearing on demurrer, judgment was entered as follows:

"(1) That the separate demurrers of the defendant, J. S. Dockery, Trustee, and the defendant, David Lindsay be, and they are hereby sustained insofar as the complaint in this action undertakes to state a cause of action for the recovery of money against said defendants, J. S. Dockery, Trustee, and David Lindsay; PROVIDED, HOWEVER, that if it shall subsequently be made to appear in this action that the defendant, J. S. Dockery, Trustee, had remaining in his hands any surplus funds, after payment of the costs and expenses of the foreclosure, of taxes due upon the property, and after payment of the principal and interest due upon the deed of trust which was foreclosed, and upon all of the prior deeds of trust mentioned and referred to in the plaintiff's complaint, the plaintiff, upon such a showing, would be entitled to participate in such surplus.

"(2) As to the cause of action alleged in the plaintiff's complaint, and specifically as to the prayer for relief contained in paragraph 1 of said prayer, at the conclusion of plaintiff's complaint, in which the plaintiff prays for a judgment adjudicating that the plaintiff had a lien, subject only to the five (5) deeds of trust, including the deed of trust which was foreclosed, and that such lien attached to the real and personal property of the defendants, Julius E. and Vera E. Brown, the demurrer of said defendants, and each of them, is hereby overruled."

Plaintiff excepted and appealed, assigning as error the entry of said judgment.

*Roy W. Davis for plaintiff, appellant.*

*Proctor & Dameron for defendants J. S. Dockery, Trustee, and David Lindsay, appellees.*

BOBBITT, J. The rules applicable in testing the sufficiency of the complaint are well settled and need not be repeated. G.S. 1-151; *Pressly v. Walker,* 238 N.C. 732, 78 S.E. 2d 920, and cases cited.

Absent special circumstances, a foreclosure sale by a trustee in a junior deed of trust is made subject to prior liens on the property. The property was so conveyed to the trustee. He can sell and convey no better title than he acquired. Title vests in the purchaser subject to such prior liens. *Bobbitt v. Stanton,* 120 N.C. 253, 26 S.E. 817; *Brett v. Davenport,* 151 N.C. 56, 65 S.E. 611; *Bank v. Watson,* 187 N.C. 107, 121 S.E. 181; 59 C.J.S., Mortgages secs. 514, 556; 37 Am. Jur., Mortgages sec. 760.

Nothing appears in the complaint to take the foreclosure sale made by defendant J. S. Dockery, Trustee, out of the general rule. On the contrary, it is expressly alleged that the property was advertised and

announcement was made that the property was offered for sale subject to the four prior deeds of trust.

On the facts alleged, the duty of defendant J. S. Dockery, Trustee, was to pay the surplus of $44,252.93 to the owners of the equity of redemption or to discharge junior liens, as the facts required. *Bobbitt v. Stanton, supra.* Defendant J. S. Dockery, Trustee, had actual notice of plaintiff's claim and lien before he disbursed said surplus. This distinguishes this case from cases where the trustee disbursed the surplus to the owner of the equity of redemption prior to actual notice of the junior lien. *Skinner v. Coward,* 197 N.C. 466, 149 S.E. 682; *Barrett v. Barnes,* 186 N.C. 154, 158, 119 S.E. 194; *Norman v. Hallsey,* 132 N.C. 6, 43 S.E. 473.

When adverse claims were asserted, defendant J. S. Dockery, Trustee, might have discharged his liability by paying said surplus to the clerk of the Superior Court of McDowell County under authority of G.S. 45-21.31(b)(4). On the facts alleged, he elected to make payment thereof at his own risk in discharge of the debts secured by the four prior deeds of trust. *Lenoir County v. Outlaw,* 241 N.C. 97, 84 S.E. 2d 330.

True, the complaint contains no explicit allegation that defendant J. S. Dockery, Trustee, paid any portion of said surplus to defendant Lindsay. However, plaintiff's allegations, when liberally construed, are deemed sufficient to permit the inference that some portion of the $44,252.93 "devoted . . . to the discharge of the five deeds of trust outstanding against said property, . . ." was paid to defendant Lindsay as *cestui que trust* in three of the four deeds of trust prior in lien to that foreclosed.

If, as contended by appellees, Freeman paid full value for the property with the understanding that the purchase price of $45,500.00 would be disbursed in payment of the debts secured by the four prior deeds of trust, the obvious answer is that nothing of this sort appears in the complaint. Nor are we now concerned with Freeman's rights, if any, to rescind or set aside the sale. Compare *Bobbitt v. Stanton, supra; Mayer v. Adrian,* 77 N.C. 83.

On the facts alleged, nothing else appearing, defendant J. S. Dockery, Trustee, is liable for failure to pay plaintiff's claim and lien out of said surplus, and defendant Lindsay is also liable to the extent of the amount of said surplus paid to him by defendant J. S. Dockery, Trustee, up to the full amount of plaintiff's claim and lien. The liability of defendant Lindsay is predicated on the ground that he received and has money belonging to plaintiff. *Allgood v. Trust Co.,* 242 N.C. 506, 88 S.E. 2d 825, and cases cited.

While no specific ruling was made, failure to dismiss the action implies that the court below rejected the demurrers as related to misjoinder of parties and causes of action. We concur in this view.

Apparently, J. S. Dockery, individually, was not made a party defendant herein.

Based upon the foregoing, the judgment of the court below sustaining the demurrers for failure to allege facts sufficient to constitute a cause of action for the recovery of money against defendants herein is reversed. Such reversal supersedes all further provisions of said judgment inconsistent with the law as stated herein.

Reversed.

Johnson, J., not sitting.