J. CLAUDE GASKINS v. BLOUNT FERTILIZER COMPANY AND FRED T. MATTOX, SUBSTITUTED TRUSTEE, AND D. T. HOUSE, JR., CLERK OF THE SUPERIOR COURT OF PITT COUNTY.

(Filed 18 September 1963.)

**1. Mortgages and Deeds of Trust § 41—**

　　The purchaser at the foreclosure of a junior deed of trust acquires title subject to the lien of the senior deed of trust and acquires the equity

of redemption thereunder, and the trustor is divested of all interest in the land.

**2. Appeal and Error § 4—**

>   Where a trustor's equity has been divested by foreclosure of the junior deed of trust on the property, he has no rights in the property and is not a party aggrieved by an order dissolving an injunction against foreclosure of the senior deed of trust. G.S. 1-271.

**3. Appeal and Error § 6—**

>   Where the act sought to be enjoined has been done pending the appeal, the appeal becomes moot and will be dismissed.

APPEAL by plaintiff from *Hubbard, J.,* 18 March 1963 Session of PITT.

Civil action instituted 14 January 1963 to restrain permanently the foreclosure of a deed of trust executed by plaintiff and his wife on 2 January 1961 to Kenneth Hite, trustee, to secure a note of the same date (the record does not show whether it is a note of plaintiff or of plaintiff and his wife) in the sum of $15,000, payable to Max Minges, on the ground that Fred T. Mattox, who purported to act as substituted trustee and offered the real estate described in the deed of trust for sale on 10 January 1963, at which sale the last and highest bid was $17,700, was not appointed substituted trustee in accordance with the provisions of G.S. 45-10(1), and further to restrain the clerk of the superior court from confirming the sale purported to be made by Mattox as substituted trustee. David E. Reid, Jr., was plaintiff's attorney.

Judge Bundy issued a temporary restraining order on 14 January 1963 and made it returnable before Hubbard, J., at 21 January 1963 Session of the superior court of Pitt County.

No answer was filed to the complaint. When the temporary restraining order came on to be heard by Hubbard, J., on its return date, defendants admitted that Mattox had not been appointed as substituted trustee in accordance with the provisions of G.S. 45-10(1), that plaintiff was entitled to have restrained the purported sale made by Mattox, trustee, on 10 January 1963, and defendants said to the court that Mattox would be appointed substituted trustee in accordance with the requirements of G.S. 45-10(1). Whereupon, David E. Reid, Jr., attorney for plaintiff, stated that when Mattox was appointed substituted trustee in compliance with the provisions of G.S. 45-10(1), he would on behalf of plaintiff take a voluntary nonsuit in the action. At that time Hubbard, J. entered no order.

Thereafter, Mattox was appointed substituted trustee in accordance with the provisions of G.S. 45-10(1) and as substituted trustee offered the real estate described in the deed of trust for sale on 28 February 1963, when there was a last and highest bidder for the property. The record does not disclose the amount of the last bid or the name of the bidder.

On 7 March 1963 plaintiff by his new attorney, Charles L. Abernethy, Jr., filed a petition and motion in the action to restrain the foreclosure sale had by Mattox, substituted trustee, on 28 February 1963 on the ground that Mattox is disqualified to act as trustee for the reason that he is a member of the law firm of Blount and Taft, and that the senior member of this law firm, Blount, is one of the main stockholders of Blount Fertilizer Company, and on the further ground that Mattox formerly was attorney for plaintiff in an action brought by him against House and others seeking a partition of the land described in the deed of trust and had withdrawn as counsel in this proceeding. The petition and motion in the action does not disclose what interest Blount Fertilizer Company has in the deed of trust or the indebtedness therein secured. In the answer to this pleading it is alleged that plaintiff did not pay the note for $15,000 owned by Minges and secured by the deed of trust at its maturity, that Minges notified plaintiff he would foreclose the deed of trust unless it was paid, and thereupon plaintiff persuaded Blount Fertilizer Company to take up the note from Minges and carry it for him until 1 October 1962.

On 7 March 1963 Bundy, J., issued an order temporarily restraining the foreclosure sale had by Mattox, substituted trustee, on 28 February 1963, and made it returnable before Hubbard, J., at 18 March 1963 Session of the superior court of Pitt County. On its return date Hubbard, J., dissolved the temporary restraining order issued by Judge Bundy on 7 March 1963. Plaintiff excepted to the dissolution of the temporary restraining order and appeals.

On the same date Judge Hubbard entered a judgment stating that it appeared to the court from statements by David E. Reid, Jr., that since the January 1963 Session Mattox had been appointed substituted trustee in the deed of trust in compliance with the provisions of G.S. 45-10(1), and that plaintiff, in accord with the agreement he made at the January 1963 Session, now elects to take a nonsuit, and decreeing that plaintiff be nonsuited. Plaintiff excepted to the signing of this judgment, contending he did not authorize Reid to take a nonsuit.

*Charles L. Abernethy, Jr., for plaintiff appellant.*
*Albion Dunn for defendant appellees.*

PER CURIAM. In defendants' answer to the petition and motion in the action for a temporary restraining order, it is alleged in their second further answer and affirmative defense in substance: On 23 March 1962 plaintiff executed a deed of trust to E. H. Taft, Jr., trustee, securing an indebtedness of $1,301.20 due and owing Blount Fertilizer Company, and payable on 1 October 1962, on the same property described in the deed of trust from plaintiff and wife to Hite, which property is the subject matter of the present action. That plaintiff defaulted in the payment of this indebtedness of $1,301.20 when due, that the deed of trust securing this indebtedness was properly foreclosed on 26 November 1962, and at the sale M. B. Massey, Jr., became the last and highest bidder. That his bid was not raised. Whereupon, the trustee executed and delivered a deed for property to Massey. That Massey is now the owner of the property described in the deed of trust, which is the subject of the present action, subject to the deed of trust executed to Hite, trustee, and that plaintiff and his wife have no interest in the property described in the deed of trust in the instant action. Plaintiff, replying to the above allegations of the answer, avers in substance: That the deed of trust to Taft was not properly foreclosed, that Taft was a member of the law firm of Blount and Taft, that the senior member, Blount, was a stockholder in Blount Fertilizer Company, that it was generally agreed that no deed would be delivered to Massey, and that a deed was executed and delivered by Taft, trustee, to Massey on 22 January 1963.

It affirmatively appears from plaintiff's reply that when Judge Hubbard entered the two judicial orders at the March 1963 Session, plaintiff had no interest in the property described in the deed of trust set forth in the complaint in the present action, for the reason that the deed executed and delivered to Massey, pursuant to the foreclosure of the junior deed of trust by Taft, trustee, is for the same property described in the deed of trust to Hite, and vested in Massey, the purchaser, plaintiff's equity of redemption and rights in the property described in the junior deed of trust and also in the same property described in the deed of trust to Hite. *Military Academy v. Dockery*, 244 N.C. 427, 94 S.E. 2d 354; *Bank v. Watson*, 187 N.C. 107, 121 S.E. 181; *Brett v. Davenport*, 151 N.C. 56, 65 S.E. 611; *Bobbitt v. Stanton*, 120 N.C. 253, 26 S.E. 817; 59 C. J. S., Mortgages, secs. 514, 556; 37 Am. Jur., Mortgages, sec. 760.

Plaintiff was not aggrieved by the two judicial orders entered by Judge Hubbard at the March 1963 Session, because he had no rights at that time in the property described in the deed of trust set forth in the complaint, a foreclosure of which he seeks to enjoin. For a party to be aggrieved he must have rights which were substantially affected by a judicial order. Where a party is not aggrieved by the judicial order entered, as in the present case, his appeal will be dismissed. G.S. 1-271; G.S. 1-277; *Coburn v. Timber Corp.* 260 N.C. 173, 132 S.E. 2d 340.

Further, it appears from a motion to dismiss plaintiff's appeal filed in this Court that immediately following the dissolution of the restraining order by Judge Hubbard at the March Session 1963, the substituted trustee, Mattox, executed a deed to the purchaser upon receipt of the purchase price for the property described in the deed of trust set forth in the complaint, which deed has been properly recorded. Plaintiff in his answer to the motion does not controvert this allegation in the motion to dismiss. It seems that the foreclosure sale which plaintiff sought to restrain has become a *fait accompli.*

Appeal dismissed.