I.D. Reese appealed from an adverse decree of the Chancery Court of Amite County. The litigation began with a bill of complaint by William M. Ivey, Jr., to collect an indebtedness from Reese and to subject, by means of attachment, funds in the hands of T.F. Badon, Trustee, to the partial satisfaction of Ivey's claim.
The suit went to trial on Ivey's bill of complaint and Reese's cross-bill. Several issues were resolved in favor of Ivey, of which Reese complains on this appeal. All of these issues, except the one presently to be discussed, involved disputed questions of fact and the chancellor had ample evidence to justify his findings. We state only those facts bearing upon the issue next to be stated.
The question is whether upon foreclosure by the trustee in a second deed of trust, the trustee should pay off and satisfy the first *Page 757 
deed of trust. Reese executed a deed of trust to T.F. Badon, Trustee, to secure a note due Ivey in the amount of $4,675.00. Reese defaulted after paying the note down to $3,713.16, and Ivey called upon his attorney and Trustee, Badon, to foreclose the deed of trust. The Ivey deed of trust was second to a prior deed of trust given the Commercial Bank of Woodville. The trustee's notice of foreclosure sale recited that the sale was being made subject to the first deed of trust wherein Commercial Bank of Woodville was the beneficiary. At the time and place of sale, the Trustee announced that the amount due on the Commercial Bank's deed of trust was $7,241.47. The property was sold for $14,800.00, which was paid to and disbursed by Badon, Trustee, by first paying the Commercial Bank $7,241.47 to satisfy the first deed of trust, paying Ivey $3,713.16 in satisfaction of the second deed of trust, paying attorney's fee (to Badon) $371.31, and publication fee of $88.15. The balance of $3,388.92 was paid into court, and Reese received credit therefor in the trial court's decree.
The parties have cited no applicable Mississippi case on the stated question. It seems obvious that since the notice of sale recited that the land would be sold subject to the first deed of trust, a bidder would discount the amount of his bid by the amount owing on the first deed of trust. The few cases on the subject hold that absent special circumstances, a foreclosure sale by the trustee in a junior deed of trust is made subject to prior liens on the property, and the trustee can sell and convey no better title than he acquired. Title vests in the purchaser subject to the prior lien. Staunton Military Academy v.Dockery, 244 N.C. 427, 94 S.E.2d 354 (1956). See also Fieldv. Brown, 207 Mo. App. 55, 229 S.W. 445 (1921), which holds that with consent of all parties, the trustee may sell free of prior liens.
The mere announcement at the sale by Badon, Trustee, of the amount due on the first deed of trust did not give the trustee the right to pay off the first deed of trust from the sale proceeds. The announcement of the amount due on the prior deed of trust was appropriate to enable bidders to take this prior lien into consideration in making bids since the successful bidder was buying subject to the prior lien, as stated in the notice.
It is said that Reese was not harmed by the Trustee paying off the Commercial Bank deed of trust since Reese owed the debt and it was extinguished. But the sale was made subject to the first deed of trust, and bidders necessarily bid a sum minus the amount due on the deed of trust being assumed. It was the purchaser's obligation to pay the first lien. The surplus left after paying the second mortgage, attorney's fee, and cost of foreclosure should have been paid over to the mortgagor, Reese. We hold that the Trustee had no authority to pay off the Commercial Bank deed of trust, and became liable to the mortgagor, Reese, for the amount thus paid.
Badon, Trustee, is not a party to this appeal, but Reese's cross-bill averred:
 That at all times herein set forth the said trustee, T.F. Badon, was acting as agent and representative of the said cross-defendant, William M. Ivey, Jr., and any and all liability on the part of the said trustee to this cross-defendant is liability on the said Ivey to this cross-complainant for a full and complete accounting of all proceeds derived from the sale of this land at a foreclosure sale on said second mortgage.
The agency of Badon was not denied by Ivey in his answer to the cross-bill. We hold, therefore, that Ivey is liable for the action of his attorney and trustee, and the action of the trial court in failing to charge Ivey with the sum paid the Commercial Bank is reversed and judgment rendered here for that amount. In the adjustment of the indebtedness and liabilities, the judgment in favor of Ivey against Reese in the *Page 758 
amount of $9,500.00, less $3,388.92 credit for sums paid into court is reversed. Reese is credited with the sum improperly paid to Commercial Bank in the amount of $7,241.47. Judgment is entered here in favor of Reese against Ivey in the amount of $1,130.39, with interest from September 11, 1973, the date of the decree below. In all other respects the decree is affirmed.
Reversed in part and rendered.
RODGERS, P.J., and PATTERSON, INZER, SMITH, ROBERTSON and SUGG, JJ., concur.