MARY DEARNALEY & others *vs.* HENRY M. CHASE & another.

Essex.   Nov. 9, 1883. — Jan. 3, 1884.   W. ALLEN & HOLMES, JJ., absent.

A sale, under a power contained in a second mortgage of land, of the entire estate, as unencumbered, is not a valid execution of the power, although, at the sale, the auctioneer states the existence of the first mortgage, and that it may remain at the option of the purchaser, and the deed delivered to the purchaser also states that he assumes and agrees to pay the first mortgage as part of the consideration; but the deed operates as an assignment of the second mortgage to the purchaser.

BILL IN EQUITY to redeem land from two mortgages. Hearing before *Field*, J., who reported the case for the consideration of the full court. The facts appear in the opinion.

*J. C. Sanborn*, for the plaintiffs.

*C. U. Bell*, for the defendants.

COLBURN, J. It appears in this case, that William Reed died on July 15, 1877, leaving a will, which was duly proved, and that the plaintiff Matthew Carney was duly appointed and qualified as executor thereof on October 8, 1877. Under the will, the plaintiff Mary Dearnaley, formerly Mary Reed, the widow of the testator, is residuary devisee and legatee. At the time of his death, William Reed was seised and possessed of a tract of land, with buildings thereon, in Lawrence, subject to a mortgage for $4000 to the Broadway Savings Bank, and a second mortgage, for $2500, to the defendant John Slater. The mortgage to the savings bank still remains upon the estate.

The mortgage to the defendant Slater contained a power of sale; and, for the purpose of executing the power, and to foreclose the mortgage, he advertised the entire estate, as an unencumbered estate, for sale by public auction, on November 10, 1877, and, pursuant to said notice, sold the whole estate to the defendant Henry M. Chase, for $7550. At the time of sale, the auctioneer stated the terms of sale to be cash for a good title to the whole estate, and also stated the prior mortgage to the Broadway Savings Bank, and that this mortgage could remain, at the option of the purchaser. Pursuant to the sale, Slater executed and delivered to Chase a deed of the estate, in which the consideration was stated to be $7550, and in this deed, after the description of the premises, and before the habendum clause, is the following clause: " There is a mortgage upon the premises herein conveyed, given to the Broadway Savings Bank, to secure the payment of four thousand dollars, which principal sum the grantee assumes and agrees to pay, as part of the consideration hereof." It does not appear that the first mortgagee had anything to do with this sale.

We are of opinion that this was not a valid execution of the power in the mortgage to Slater, so as to foreclose the mortgage. He had a right to sell what was conveyed to him by his mortgage, which was the land subject to the prior mortgage, or, in other words, the equity of redemption from that mortgage, but no right to sell the entire estate as unencumbered, requiring the purchaser to assume the first mortgage as part of

the consideration, if he chose to have it remain upon the property. *Donohue* v. *Chase*, 130 Mass. 137.

By his deed, Slater conveyed all his title in the mortgaged premises, and though this deed was not effectual to foreclose the mortgage, it operated as an assignment of it, and the defendant Chase holds as assignee of this mortgage. *Brown* v. *Smith*, 116 Mass. 108. *Ruggles* v. *Barton*, 13 Gray, 506. *Hunt* v. *Hunt*, 14 Pick. 374. 2 Perry on Trusts (2d ed.) §§ 602 *bb*, 602 *cc*.

Having decided that the mortgage is not foreclosed, it is unnecessary to consider the question raised by the bill, of the right of Chase while guardian of Mary Dearnaley, then an insane person, to become a purchaser of the estate, as against her. The plaintiff Annie Reed is only a legatee under the will of William Reed, and must look to the executor for such remedy as she may have.

The master having found that the plaintiffs have lost no rights by any delay on their part, the plaintiffs Matthew Carney, as executor of the will of William Reed, and Mary Dearnaley, as residuary devisee under the will, have a right to redeem the premises ; and, upon payment of the amount due him, the defendant Chase is to discharge the Slater mortgage and release the premises therefrom. The amount found by the master is to be taken as the amount due at the date fixed by him, and the account is to be made up, upon the principles indicated by the master, to the time of redemption. The bill is to be dismissed as to Annie Reed.

The details of the decree, including the time to be given for redemption and the relative rights of the executor and residuary devisee, are to be settled by a single judge.

*Decree accordingly.*