## ASHER F. BLACK, PETITIONER.

Middlesex, October, 1902.

*Mortgage — Invalid Foreclosure — Purchase by Husband of Mortgagee — Assignment by Wife to Husband.*

Title in this case is claimed under the foreclosure of a mortgage. At the time of the foreclosure the mortgage was held by a married woman who, having first entered on the premises under Public Statutes Chap. 181, sec. 1 and 2, then made, or attempted to make, a sale under the power in the mortgage to her husband, who was the highest bidder at the sale. The attempted foreclosure by sale was invalid however, by reason of failure to publish notice in the County of Suffolk as required by the terms of the mortgage.

If the foreclosure sale had been valid there would have been no difficulty because of the relationship of husband and wife between the purchaser and the mortgagee. The sale in that event would have been merely the exercise of a power, a conveyance by the mortgagor through his duly authorized attorney; not in any sense a conveyance by the wife, nor an assignment of her mortgage. Hall *v.* Bliss, 118 Mass. 554. Hermanns *v.* Fanning, 151 Mass. 1, 5. The sale being invalid, it is argued that it nevertheless operated as an assignment, and inured, with the benefit of the entry, to the purchaser. Here, however, the relationship of husband and wife is fatal. It is familiar law that where a foreclosure by sale fails by reason of informality, the deed to the purchaser will, nevertheless, if in apt form therefor, operate as a conveyance of the mortgagee's estate, and an assignment of the mortgage debt; and the prior entry, and

the estate eventually acquired thereunder, will inure to the benefit of the ultimate holder of such mortgage title. Brown *v.* Smith, 116 Mass. 108. Dearnaley *v.* Chase, 136 Mass. 288.

In this case, however, the deed, being a deed between husband and wife, is absolutely void, either by way of assignment of debt, conveyance of the mortgagee's estate, or foundation for subsequent title by estoppel. National Granite Bank *v.* Whicher, 173 Mass. 517. P. S., C. 147, Sec. 3 — R. L., C. 153, Sec. 3. Townsley *v.* Chapin, 12 Allen 476. Mason *v.* Mason, 140 Mass. 63. (Note, and see Graves *v.* Broughton, 185 Mass. 174.)

The Massachusetts cases cited in Jones, Real Property, Sec. 45, are cited solely in regard to the equitable rights of creditors or heirs in cases of conveyance between husband and wife through a conduit. None of them are cases of direct conveyance, nor are they intended to be cited as such.

Title is, therefore, not in the petitioner, but in the mortgagee under her entry. A deed must be obtained from her before there can be registration in the petitioner.

So ordered.