W. V. BRETT et al. v. J. W. DAVENPORT, Trustee, and CITIZENS BANK OF WINDSOR.

(Filed 22 September, 1909.)

1. **Mortgagor and Mortgagee—Sale, Defect in—Resale—Breach of Trust—Damages.**

Ordinarily a junior mortgagee with power of sale can only sell and convey the property subject to prior existing liens, and a plaintiff mortgagor, claiming a homestead, and certain judgment creditors with junior liens on the land, cannot recover damages of the trustee and *cestui que* trust holding a lien by their deed subsequent to that of a prior mortgage, for an alleged breach of trust in failing to collect, or making any endeavor to collect, bids obtained at a sale thereunder, and afterwards reselling at a less price, when at the first sale the trustee, in effect, offered an

uncncumbered title and there was a prior registered mortgage on the property, the holder of which had not been notified or given his consent to such a sale.

2. Same.

When the trustee, at a sale under a deed of trust, announced that all prior liens on the mortgaged premises would be paid out of the proceeds of the sale of the land, such liens consisting of those of a prior mortgage and judgments, and subsequently resells at a lower price without attempting to collect the bids made at the first sale, the mortgagor, by claiming a homestead, and the judgment creditors, by asserting a demand for the entire proceeds of sale, make it impossible for the trustee to comply with his proposition thereat and render the obligation of the bidders unenforceable.

3. Mortgagor and Mortgagee—Advertisement—Notice—Validity.

Unless the stipulation in a mortgage in regard to advertising or notice of sale thereunder are complied with by the mortgagee, it renders the sale invalid; and a deed made in pursuance thereof passes the legal title subject to certain equitable rights in the purchaser as of subrogation, etc., when the purchase money is paid in good faith.

4. Mortgagor and Mortgagee — Sale Defective — Resale — Duty of Mortgagee.

When the mortgagee discovers a defect in a sale under the mortgage before the purchase price has been paid, it is his right and, ordinarily, his duty, unless the defect is waived or cured by the parties whose interests are affected, to readvertise and foreclose the property in accordance with law and the stipulations of the instrument under which he is acting.

APPEAL from *Guion, J.,* Spring Term, 1909, of BERTIE.

Civil action, tried upon admissions in pleadings and facts agreed.

Among other facts, it appeared that on 1 February, 1908, plaintiff Brett executed a mortgage or deed of trust with power of sale, conveying certain lands in Bertie County to defendant J. W. Davenport, trustee, to secure defendant bank in the sum of $460; that at the time this deed was executed there was a prior mortgage upon said land for an existing indebtedness to some third party, which remains unpaid; that in June, 1908, the trustee offered the land for sale, when same was bid in by certain purchasers for $1,850; that, the purchasers having refused to comply with their bids, the trustee, at the instance of the bank, the beneficiary, again advertised the property, as required by the deed, and sold same, subject to prior liens, and made title to the purchaser, the purchase price being much less than that bid at the former sale. Thereupon the plaintiff, the mortgagor, claiming a homestead interest, and certain junior judgment creditors of said mortgagor instituted this present action against

the trustee and the bank, contending there had been a breach of trust on the part of defendants, and that the trustee and the bank should be made to account to them, according to their respective interests, for the sum of $1,281, the difference between the amount bid at the first sale and the debt secured in the deed, and interest and costs.   The facts found by the court as more directly relevant to the inquiry are as follows:

"The following facts, together with such facts as are established in the pleadings, are agreed to as the facts in this case:

"J. W. Davenport, purporting to act under a deed of trust to him, sold the lands described, at the courthouse door in Windsor, N. C., when W. C. Askew, who is solvent, bid in one tract for $1,650, and G. T. Britt, who is solvent, the other, at $150.

"At the sale, Davenport, through his attorney, announced that all prior liens would be paid out of the sales of the land.  Davenport had not advertised the lands according to law or as required by the terms of the deed of trust under which he sold.

"After the sale both bidders refused to comply with their bids—Brett, because the lands were not worth as much as he gave; Askew, because, as he alleged, he had been advised by counsel that the trustee, Davenport, could not make to him a good title.

"After this, without tendering a deed or bringing action to enforce the bid, Davenport again advertised this property, as required in the deed of trust, and sold the same, subject to the prior liens, amounting to $_____, when Moses B. Gilliam bought the same, at the price of $_____, and deed was executed to him."

Upon the facts found and admitted in the pleadings, the court gave judgment that defendants go without day, and plaintiffs excepted and appealed.

*Winston & Matthews* for plaintiff.
*Pruden & Pruden, Shepherd & Shepherd* and *Gilliam & Davenport* for defendant.

HOKE, J., after stating the case: As we understand it, the demand of plaintiffs proceeds upon the theory that the defendant trustee, and the bank, as his aider and abettor, should be held responsible in damages for a breach of trust, in failing to collect or making any endeavor to collect the bids obtained at the first sale; but we are aware of no principle that would justify or sustain such a recovery.   The trustee, in effect, offered for sale an unencumbered title, and the instrument under which he was acting, in itself, conferred upon him no such power.

Authority (certainly the decided weight of authority) is to the effect that, except with the consent of the senior mortgagee and of the mortgagor, and perhaps subsequent encumbrances, or by their ratification, a trustee in a deed of this character, a second mortgage with power of sale, can only sell the interest conveyed to him and which he is authorized to sell by the terms of the instrument under which he is acting. *Dearnelly v. Chase,* 136 Mass., 288; *Donohue v. Clare,* 130 Mass., 137; Jones on Mortgages (6th Ed.), sec. 1853. And even if the offer could be made good as to the prior encumbrancer by paying him off, the mortgagor and subsequent judgment creditors having interfered to prevent this by demanding the entire proceeds of the first sale over and above the amount required to pay the defendant's debt, the trustee, on such objection, was not in a position to comply with the terms of his own proposition, and the bid made was no longer a binding and enforcible obligation. Jones on Mortgages, sec. 1903; *Mayer v. Adrian,* 77 N. C., 83.

Again, it appears that at the time of the first sale, or attempted sale, the property had not been advertised "according to law or as required by the terms of the deed of trust under which he had sold"; and on such facts it is very generally held, uniformly, so far as we have examined, that a sale would have been invalid. In an instrument of this kind the law is that a statutory requirement or contract stipulation in regard to notice is of the substance, and unless complied with a sale is ineffective as a foreclosure, and even when consummated by deed the conveyance only operates to pass the legal title, subject to certain equitable rights in the purchaser, as of subrogation, etc., in case he has paid the purchase money in good faith. *Atkins v. Crumpler,* 118 N. C., 532; *Lunsford v. Speaks,* 112 N. C., 608; *Lamer v. McIntosh,* 117 Mo., 508; Jones on Mortgages, sec. 1822. And where the defect is discovered, as in this case, before any money is paid or conveyance executed, it is the right, and ordinarily would be the duty of the trustee, unless the defect is waived or cured by the parties whose interests are affected, to re-advertise the property and proceed to foreclose in accordance with law and the stipulations of the instrument under which he was acting. *Botineau v. Ins. Co.,* 31 Minn., 125 Jones on Mortgages, sec. 1851; 27 Cyc., p. 1511. This is all that was done in the present case, and we are of opinion that on the facts presented the defendants, in making the second sale, were in the proper performance of their duty and acting strictly within their rights, and that the judgment of the court below in their favor should be affirmed.

Judgment affirmed.