JERRY R. LEONARD AND DORIS M. LEONARD v. BETTY A. PELL, HUGH R.
ANDERSON, SUBSTITUTED TRUSTEE UNDER A DEED OF TRUST TO G. E. MILLER
FOR RANDOLPH SAVINGS AND LOAN ASSOCIATION DATED OCTOBER 23, 1967 AND
RECORDED IN BOOK 962, PAGE 435, RANDOLPH COUNTY REGISTRY ASSIGNED TO THE
FIRST NATIONAL BANK OF RANDOLPH COUNTY, THE FIRST NATIONAL BANK
OF RANDOLPH COUNTY, AND B. DOYLE CRAVEN

No. 8119SC673

(Filed 16 March 1982)

**Mortgages and Deeds of Trust §§ 36, 40— foreclosure sale—no tender of payment—waiver of right to attack**

In an action to set aside a foreclosure sale, affidavits presented at the hearing on a motion for summary judgment failed to show that plaintiffs or an agent for plaintiffs tendered payment of the obligations secured by the deed of trust prior to the sale. Furthermore, plaintiffs ratified the foreclosure sale by endorsing a check for the surplus from the sale so that the surplus proceeds could be applied to plaintiffs' other debts.

APPEAL by plaintiffs from *Wood, Judge.* Judgment entered 12 February 1981 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 4 March 1982.

Plaintiffs appeal the granting of summary judgment in favor of defendants in a suit arising out of the foreclosure and sale of plaintiffs' house and lot under a deed of trust.

On 23 October 1967 plaintiffs executed a first deed of trust on their property, in the amount of $11,000, to G.E. Miller, Trustee for Randolph Savings and Loan Association, which was subsequently assigned to defendant First National Bank of Randolph County. A foreclosure proceeding was instituted against plaintiffs on the first deed of trust for nonpayment of installments due; plaintiffs were personally served notice of hearing but did not appear, and on 13 July 1979 the clerk of superior court entered an order authorizing the sale. However, on 6 August 1979 the defendant trustee, Hugh R. Anderson, received notice from the United States District Court for the Middle District of North Carolina that the plaintiffs had filed a Chapter 13 bankruptcy proceeding. The bankruptcy judge had entered an order restraining the advertised sale of plaintiffs' property.

At the bankruptcy hearing the court approved the following plan: "This plan is confirmed to pay all creditors in full due to the

equity in the real estate." Plaintiffs were given until 30 November 1979 to locate a purchaser for the real estate. On 5 December 1979 a further hearing was held and the bankruptcy judge entered an order granting plaintiffs an additional sixty days to locate a purchaser for their property. If a purchaser could not be found by that time, the restraining order prohibiting foreclosure would automatically terminate and The First National Bank of Randolph County would be permitted to proceed with the foreclosure. The bankruptcy court released plaintiffs' property for foreclosure on 11 February 1980 upon failure of plaintiffs to comply with the order.

Plaintiffs were notified of the hearing with respect to the foreclosure proceedings, held 6 March 1980, and at this time the clerk authorized the defendant trustee to proceed with the foreclosure. Plaintiff Doris M. Leonard gave notice of appeal to superior court. At the hearing before Judge Walker, neither of the plaintiffs nor a representative was present. Judge Walker authorized the defendant trustee to proceed with the sale, which took place 9 April 1980. On 11 April 1980, defendant trustee was ordered to resell the property, after an upset bid had been filed. The defendant trustee alleged that on the same day, plaintiff Jerry Leonard entered his office with a friend who expressed an interest in purchasing the property. They were advised to contact their respective attorneys. The second sale took place 29 April 1980. On 25 June 1980 a deed was delivered to the purchaser and the funds from the sale, $24,000, were disbursed to various creditors, including defendant bank, and plaintiffs.

Plaintiffs instituted the present action on 26 June 1980, alleging fraud and tender of payment and asking that the deed of the trustee, Hugh R. Anderson, be set aside and declared null and void. In his affidavit, plaintiff Jerry Leonard stated that during the pendency of the sale, he asked James Mason, his employer, to help him keep his house; that Mason told Hugh Anderson that "he was prepared to pay the monies due to clear the title on the house and take title himself"; and that Mr. Anderson "told him there was nothing that could be done and further talk would be useless."

James Mason, by affidavit, stated that he and Mr. Leonard developed a proposed plan whereby Mason would pay $13,600 for

the property if he could obtain an unencumbered fee simple deed. After talking with Mr. Anderson, Mason learned that there were liens of record other than a first and second deed of trust and for this reason he did not tender payment, but chose instead to ask his attorney to investigate the matter. Thereafter he "ceased all further efforts to secure purchase of the property" or to assist Jerry Leonard in any way.

*Robert F. Polson and E. L. Alston, Jr. for plaintiff appellants.*

*Smith, Casper & Smith, by Charlie B. Casper, for defendant appellees Hugh R. Anderson, Substituted Trustee, The First National Bank of Randolph County, and B. Doyle Craven.*

*T. Worth Coltrane for defendant appellee Betty A. Pell.*

MARTIN (Harry C.), Judge.

Although defendants assign as error the trial court's refusal to dismiss the appeal, we choose to decide the case upon the merits.

Judging from the record before us, it is evidently plaintiffs' contention that an issue of fact exists with respect to tender of payment, and thus summary judgment was improperly granted. Plaintiffs do not allege that they, themselves, tendered payment of the obligation secured by the first deed of trust. The fact that they had declared bankruptcy reinforces this presumption. There is no evidence that James Mason was acting as agent for plaintiffs. The affidavits disclose that he was interested in purchasing the property for himself. Mason categorically denied tender of payment. The record does not support plaintiffs' contention.

Moreover, the record discloses that on 25 June 1980, one day before plaintiffs instituted this action, a check in the amount of $3,474.74 was paid to the order of Jerry R. Leonard, Doris M. Leonard and Anita Jo Kinlaw, Standing Trustee, Wage Earner Plan, B-79-01169 and B-79-01170. Plaintiffs endorsed this check, representing the surplus from the foreclosure sale, and the moneys were applied to other of plaintiffs' debts.

It has been held that acceptance of a surplus derived from a foreclosure sale waives the right of the mortgagor to attack the foreclosure. *Flake v. Building and Loan Association,* 204 N.C. 650,

169 S.E. 223 (1933); 55 Am. Jur. 2d Mortgages § 665 (1971). By endorsing the check and reaping the benefits of the surplus toward the satisfaction of other debts, plaintiffs elected to ratify the sale. They may not now treat the sale as a nullity and have it set aside, or sue the trustee for wrongfully conducting the sale. *Flake, supra.*

We hold that the trial court was correct in finding no triable issue of fact. *Hotel Corp. v. Taylor* and *Fletcher v. Foremans, Inc.,* 301 N.C. 200, 271 S.E. 2d 54 (1980).

Affirmed.

Judges MARTIN (Robert M.) and WHICHARD concur.