FASIH A. SHAIKH AND WIFE, MEHBOOB J. SHAIKH, PLAINTIFFS v. WALTER
BRODIE BURWELL, JR., DEFENDANT

No. 9110SC169

(Filed 4 February 1992)

1. **Mortgages and Deeds of Trust § 33.1 (NCI3d)— foreclosure
   on junior lien—agreement with trustee to discharge senior
   lien—no surplus**

   Summary judgment should have been granted for defend-
   ant trustee, rather than for plaintiffs, in an action in which
   plaintiffs sought funds from a foreclosure on a junior lien which
   were allegedly surplus to the satisfaction of the junior lien.
   The purchasers and defendant trustee had agreed that the
   purchase price would include a sum to be paid in discharge
   of the senior lien so that clear title would pass to the pur-
   chasers. A trustee may only sell the interest conveyed to
   him, and a trustee foreclosing upon a junior deed of trust
   must sell subject to all prior liens, absent special circumstances,
   which were present here.

   **Am Jur 2d, Mortgages §§ 796, 930, 931.**

2. **Mortgages and Deeds of Trust § 36 (NCI3d)— foreclosure—
   acceptance of benefit—right to attack waived**

   The trial court erred in granting summary judgment for
   plaintiffs in an action to recover allegedly surplus funds from
   the foreclosure of a junior lien where plaintiffs had requested
   a "notice of satisfaction" from the senior lienholder and had
   objected when defendant trustee filed a motion to set aside
   the foreclosure sale. When the mortgagor has received the
   benefit of the surplus derived from a foreclosure sale, the
   mortgagor waives the right to attack the foreclosure.

   **Am Jur 2d, Mortgages §§ 3, 930.**

APPEAL by defendant from judgment entered 3 December 1990
by *Judge Henry V. Barnette, Jr.* in WAKE County Superior Court.
Heard in the Court of Appeals 13 November 1991.

Walter Brodie Burwell, Jr. (defendant) appeals the granting
of summary judgment in favor of Fasih A. Shaikh and Mehboob
J. Shaikh (plaintiffs) in a suit arising out of the foreclosure and
sale of plaintiffs' property under a deed of trust.

SHAIKH v. BURWELL

[105 N.C. App. 291 (1992)]

On 15 May 1985, plaintiffs purchased property located in Cary, North Carolina (Cary property) from Mr. and Mrs. Rury Lyles (Lyles). In order to fund this purchase, plaintiffs arranged financing with both the Lyles and Mortgage Corporation of the South (Mortgage Corporation). The Mortgage Corporation obtained a first deed of trust on the Cary property and the Lyles obtained a deed of trust on other property owned by plaintiffs. Defendant was the trustee named in the Lyles' deed of trust. Mortgage Corporation assigned the first deed of trust to BancBoston Mortgage Corporation (BancBoston). The Lyles and plaintiffs later substituted the Cary property for the existing property in the Lyles' deed of trust, thereby giving the Lyles a lien on the Cary property junior to BancBoston's first deed of trust.

Plaintiffs defaulted on their obligation to the Lyles, and defendant was instructed to foreclose upon the junior deed of trust. Plaintiffs were notified that the Lyles were pursuing foreclosure and the Clerk authorized defendant to proceed. Defendant published a notice of sale which stated the Cary property would be sold subject to any and all superior liens.

Prior to conducting the foreclosure sale, the Lyles told defendant they desired to buy the Cary property free and clear of all liens. Upon inquiry, defendant learned that the BancBoston note was also in default. Accordingly, defendant advised the Lyles that in order to purchase the property free and clear of all liens, the Lyles should make a bid at the sale which would include the amount owing on the BancBoston note plus the costs of foreclosure.

At the sale, defendant announced that the Cary property was being sold free of all liens. The Lyles bid $162,000 for the property and were the only bidders. Of this amount, $65,117.29 was used to pay the Lyles' note secured by the junior deed of trust, $87,889.71 was used to pay BancBoston's note secured by the senior deed of trust, the balance was used to pay commissions and costs, and all liens were satisfied.

After the sale was confirmed, plaintiffs filed the present action seeking to recover the $87,889.71 paid to BancBoston, alleging that these funds were "surplus" from the foreclosure sale. After filing this action, plaintiffs' attorney contacted BancBoston and requested a "notice of satisfaction" since all parties agreed the $87,889.71 debt had been discharged. BancBoston notified plaintiffs that the debt had been paid in full.

Both parties filed motions for summary judgment. On 3 December 1990, the Superior Court denied defendant's motion and granted plaintiffs' summary judgment. The judgment ordered defendant to pay plaintiffs $87,889.71, plus prejudgment interest. Defendant appeals this judgment.

*Yeargan, Thompson & Mitchiner, by W. Hugh Thompson, for plaintiff appellees.*

*Bailey & Dixon, by Gary S. Parsons, Dorothy V. Kibler, and Rodney B. Davis, for defendant appellant.*

WALKER, Judge.

On appeal, defendant contends the trial court erred in denying his motion for summary judgment and in granting plaintiffs' motion for summary judgment. Defendant asserts his motion for summary judgment should have been allowed for two reasons. First, the agreement between defendant and the Lyles allowed defendant to use the proceeds from the sale to discharge the senior Banc-Boston lien. Second, plaintiffs by their actions ratified the use of the proceeds to pay off the senior lien and therefore cannot maintain an action against defendant for $87,889.71 as being "surplus." We find merit in these contentions.

[1] In North Carolina, absent special circumstances, a trustee foreclosing upon a junior deed of trust must sell subject to all prior liens. *Staunton Military Academy, Inc. v. Dockery*, 244 N.C. 427, 94 S.E.2d 354 (1956); *Brett v. Davenport*, 151 N.C. 56, 65 S.E. 611 (1909). The proceeds, after payment of costs of sale and the debt secured by the junior deed of trust, must be applied to any other outstanding junior liens and any surplus remaining thereafter is to be paid to the mortgagor as owner of the equity of redemption. *Id.; Bobbitt v. Stanton*, 120 N.C. 253, 26 S.E. 817 (1897).

The justification for this rule is apparent. A trustee may only sell the interest conveyed to him. *Brett v. Davenport, supra.* If the trustee is only foreclosing on the junior deed of trust, the senior lien continues with the property and the trustee must sell subject to the senior lien. *Staunton Military Academy, Inc. v. Dockery, supra.* Therefore, the purchaser at the foreclosure sale of a junior lien purchases the property subject to senior liens. *Bobbitt v. Stanton, supra.* However, in *Brett* and *Staunton Military*

*Academy,* the Court recognized there may be a different result if "special circumstances" exist.

In *Merchants Bank & Trust Co. v. Watson,* 187 N.C. 107, 121 S.E. 181 (1924), a trustee foreclosed on a deed of trust which was junior to the City of Winston-Salem's tax assessment. Merchants Bank, the purchaser at the sale, paid a price which it intended would cover the City's senior lien. However, Merchants Bank failed to advise the trustee that the purchase price was to be applied to the discharge of prior liens. Instead of using the money to pay off the tax lien, the trustee paid the money to the mortgagor's estate since he thought the money constituted surplus. Merchant's Bank brought suit against the trustee, claiming the money paid to the mortgagor's estate should have been used to pay off the senior lien. The trial court found that Merchant's Bank, and not the trustee, was obligated to pay the senior lien. The Supreme Court upheld the trial court's decision but remarked:

> If he [Merchants Bank's agent] at the time of the sale had had an understanding and agreement, and it was so announced at the sale by [the] trustee that the highest bidder was to get a clear title, free from encumbrances, and he bid . . . with that understanding and agreement with the [trustee], then there would be no doubt that . . . the trustee would have to pay off the liens, including the [senior lien].

*Id.* at 111, 121 S.E. at 183.

The Supreme Court of Virginia has had the opportunity to pass upon a question very similar to that presented in the present case. In *Kaplin v. Ruffin,* 213 Va. 551, 193 S.E.2d 689 (1973), the trustee foreclosed upon a second deed of trust. Pursuant to an agreement between the trustee and the purchaser, the proceeds from the sale were used to discharge the senior deed of trust so that the purchaser would receive the property free of all prior liens. After the sale, a junior lienholder filed suit, asserting that it was entitled to the proceeds from the sale above the amount required to pay off the second deed of trust. In denying the junior lienholder relief, the Court held that where the terms of the agreement were fully disclosed at the sale, a trustee could, at his own risk, agree to sell the property free of all senior liens. However, the risk which the trustee takes does not concern his liability to the junior lienholder. Therefore, in *Merchant's Bank* and *Kaplin* the Courts indicate they would approve an agreement between

the trustee and the purchaser at foreclosure, whereby the trustee would pay off senior liens from the proceeds of the sale.

In this case, defendant and the Lyles agreed that the purchase price would include the sum of $87,889.71 to be paid to BancBoston in order to discharge its senior lien and thus pass title free and clear to the purchaser. The Lyles then bid $162,000 for the property and after paying both liens and the cost of sale, there were no surplus funds available for plaintiffs. A trustee has substantial discretion in discharging his responsibilities which include attempting to satisfy the debt while obtaining the highest price for the property and protecting the mortgagor's rights and equity. *Sprouse v. North River Insurance Co.*, 81 N.C.App. 311, 323, 344 S.E.2d 555, 563-564, *disc. review denied*, 318 N.C. 284, 348 S.E.2d 344 (1986). So long as the trustee does not violate the fiduciary responsibilities of his office, and does not give an unfair advantage to any party, his exercise of discretion is not reviewable by the courts. *Id.*

In the present case, in determining whether defendant abused his discretion as trustee, we must look at all of the circumstances of this foreclosure. *First*, defendant notified plaintiffs of the foreclosure sale under the junior deed of trust. *Second*, the note secured by the first deed of trust in favor of BancBoston was also in default and this was ascertained by defendant prior to the foreclosure sale. *Third*, defendant and the Lyles had an agreement that the purchase price would include the amount necessary to discharge the senior BancBoston lien. *Fourth*, the only evidence in the record shows the purchase price of $162,000 exceeded the fair market value of the property at the time of foreclosure. *Fifth*, there has been no showing by plaintiffs that they or anyone else would have upset this bid if given the opportunity. *Sixth*, all of plaintiffs' obligations were satisfied from the proceeds of the sale and neither the junior lienholder nor the senior lienholder had any right of deficiency against plaintiffs. We believe the foregoing bring this case within the "special circumstances" referred to in *Brett* and *Staunton Military Academy* and that the defendant therefore did not abuse his discretion. The procedures used by defendant should not invalidate this sale or permit plaintiffs to realize a "windfall" since no surplus existed.

[2] Defendant further contends plaintiffs accepted the benefits of defendant's acts and thereby ratified his payment of BancBoston's

SHAIKH v. BURWELL

[105 N.C. App. 291 (1992)]

lien. When plaintiffs learned that some of the proceeds of the sale had been used to satisfy their indebtedness to BancBoston, they verified this and requested BancBoston to execute a "notice of satisfaction" so that payment of plaintiffs' debt could be recorded. Further, when defendant filed a motion to set aside the foreclosure sale to the Lyles, plaintiffs objected. When the mortgagor has received the benefit of the surplus derived from a foreclosure sale, the mortgagor waives the right to attack the foreclosure. *Flake v. High Point Perpetual Building and Loan Association*, 204 N.C. 650, 169 S.E.2d 223 (1933); *Leonard v. Pell*, 56 N.C.App. 405, 289 S.E.2d 140 (1982). This Court has previously held that when a mortgagor endorses the surplus check and uses the proceeds to satisfy other debts, the mortgagor has ratified the sale. *Leonard v. Pell, supra.* Once ratified, the mortgagor may not sue the trustee for wrongfully conducting the sale. *Id.*

We agree with defendant that plaintiffs' actions indicate their approval of defendant's application of the proceeds to satisfy their BancBoston debt. Since defendant did not abuse his discretion and plaintiffs ratified the sale, plaintiffs cannot maintain this action against the trustee to recover surplus sale proceeds. Accordingly, summary judgment was improperly granted for plaintiffs. On the basis of the materials presented to the trial court and in the record before us, there is no genuine issue as to any material fact and defendant's motion for summary judgment should have been granted. For the foregoing reasons, the trial court erred in granting summary judgment for the plaintiffs and the case is remanded for action consistent with this opinion.

Reversed and remanded.

Judges WELLS and LEWIS concur.